**UNITED STATES of America, Appellee,**

v.

**Patrick John GRANT, Appellant.**

**No. 89–5027.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1989.

Decided Oct. 12, 1989.

Todd R. Young, St. Paul, Minn., for appellant.

Jon M. Hopeman, Minneapolis, Minn., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Patrick John Grant pleaded guilty to a charge of attempting to possess with intent to distribute cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846 (1982). At sentencing, Grant moved for a departure from the United States Sentencing Guidelines based on substantial assistance to authorities. *See* U.S. Sentencing Guidelines § 5K1.1 (Oct.1987). The district court denied Grant's request because the government refused to move for a departure. *See id.* Grant appeals, and we affirm.

■ Because section 5K1.1 requires a government motion before the sentencing court can grant a departure, Grant argues the guideline erodes the judiciary's inher-

ent power to consider all factors relevant to sentencing. The Supreme Court has made it clear, however, that Congress possesses authority to limit judicial discretion in sentencing. *Mistretta v. United States,* — U.S. ——, 109 S.Ct. 647, 650, 102 L.Ed.2d 714 (1989). Further, several circuits have recognized that a sentencing scheme embracing a government motion for a departure based on substantial assistance does not usurp the judicial function. *See United States v. Huerta,* 878 F.2d 89, 91–93 (2d Cir.1989); *United States v. Ayarza,* 874 F.2d 647, 653 (9th Cir.1989); *United States v. Musser,* 856 F.2d 1484, 1487 (11th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989). Thus, we reject Grant's argument that section 5K1.1 improperly compromises judicial authority.

 Grant also contends the section 5K1.1 motion requirement denies due process by vesting prosecutors with absolute discretion to control the sentencing court's departure from the guidelines. We disagree. Due process is not offended by a guideline that narrows the discretion of a sentencing court. *United States v. Brittman,* 872 F.2d 827, 828 (8th Cir.1989); *Huerta,* 878 F.2d at 93–94. We believe the motion requirement "is predicated on the reasonable assumption that the government is in the best position to supply the court with an accurate report of the extent and effectiveness of the defendant's assistance." *United States v. White,* 869 F.2d 822, 829 (5th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). We need not consider the related question of whether a prosecutor's arbitrary or bad faith refusal to move for a section 5K1.1 departure violates due process because Grant has not presented the issue to this court.

Finally, Grant asserts section 5K1.1 does not implement Congress's instruction that the sentencing guidelines reflect "the general appropriateness of imposing a lower sentence than would otherwise be imposed * + * [by taking] into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 28 U.S.C. § 994(n) (Supp. V 1987). Grant argues section 994(n) does not contemplate any limitations on a sentencing court's discretion to grant a departure for substantial assistance. In our view, "the Sentencing Commission did not exceed its authority in drafting [section 5K1.1 since] Congress itself drafted [18 U.S.C. § 3553(e) ] the same way." *Ayarza,* 874 F.2d at 653 n. 2; *see also White,* 869 F.2d at 829.

The district court properly denied Grant's request for a departure based on substantial assistance. We affirm.