UNITED STATES of America, Appellee,

v.

**Joel SMITHERMAN, Appellant.**

No. 89–1564.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1989.

Decided Nov. 15, 1989.

Rehearing Denied Dec. 6, 1989.

2D1.1(b)(1). *United States v. Restrepo,* 884 F.2d 1294 (9th Cir.1989).

Thomas J. O'Flaherty, Cedar Rapids, Iowa, for appellant.

Judith A. Whetstine, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Joel Smitherman pleaded guilty to three counts of a four-count indictment: distribution of one ounce of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; conspiracy to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846; and aiding and abetting an attempt to kill a federal witness against him in violation of 18 U.S.C. § 2 and 1512(a)(1). We affirm.

Smitherman was arrested on cocaine charges in Cedar Rapids, Iowa, in the Northern District of Iowa on October 6, 1988, while on release pending sentencing on his guilty plea on an unrelated charge of possession of cocaine with intent to deliver in the Southern District of Iowa.

Following the imposition of sentence on the Southern District charge on October 12, 1988, Smitherman was returned to the Northern District of Iowa, where he was arraigned on the four-count indictment described above. Smitherman pleaded guilty to counts 1, 3, and 4 following plea bargain negotiations. The government agreed to move to dismiss count 2 at sentencing. Smitherman agreed to cooperate fully with authorities regarding his involvement in narcotics trafficking and other illegal activities.

Smitherman was interviewed by the FBI case agent following his guilty pleas. He discussed drug and gambling activities in the Northern District of Iowa. He volunteered his knowledge of gambling activities concerning professional sports in an effort to receive credit for providing substantial assistance to authorities. He gave names and locations for bookmaking operations and a telephone number that would be used for the upcoming Super Bowl event, four days away. He also gave the name of a major league baseball official who gambled.

Prior to sentencing, Smitherman gave more detailed information regarding his sources of cocaine and told what he knew about local suppliers and buyers of the drug. Smitherman offered to make telephone contact with his suppliers and other persons to set up drug buys. These offers were considered by the authorities and rejected because of the practical difficulties stemming from Smitherman's incarceration.

The district court[1] noted Smitherman's cooperation but gave no credit for that

---

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

cooperation and imposed the maximum sentences allowed by the Guidelines. The district court based its sentences on the plea of guilty to count 4, the charge of aiding and abetting an attempt to kill a federal witness, finding that Smitherman's admission of guilt on that charge warranted the imposition of the maximum punishment allowed by the Guidelines.

The district court sentenced Smitherman to three concurrent terms of 97 months. Because the offenses were committed while Smitherman was on release pending sentencing on the charge in the Southern District of Iowa, an additional 21–month period was added to his term pursuant to 18 U.S.C. § 3147. The total terms of 118 months will be served consecutively to the 48–month sentence imposed on the Southern District charge.

We review the sentence imposed by the district court pursuant to the Guidelines under 18 U.S.C. § 3742(e), which provides that we "shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts."

■ Smitherman contends that the district court did not give proper credit for his cooperation. Section 5K1.1 of the Guidelines authorizes a sentencing court to depart from the Guidelines if the government files a motion reciting the defendant's good faith efforts "to provide substantial assistance in the investigation or prosecution of another person who has committed an offense." In this case, the government made no such motion. Although we have suggested that a section 5K1.1 motion might not be necessary in all cases, *United States v. Justice*, 877 F.2d 664 (8th Cir.), *cert. denied*, ─── U.S. ───, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989), we do not view the present case as one that presents a question of prosecutorial bad faith or arbitrariness that might conceivably present a due process issue. Accordingly, we hold that the absence of a 5K1.1 motion by the government precluded a departure by the

trial court. *United States v. Grant*, 886 F.2d 1513 (8th Cir.1989).

Smitherman next contends that evidence introduced by the government at sentencing regarding the timing of his cooperation was considered an aggravating factor in violation of Guidelines section 5K1.2, which provides that "[a] defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating sentencing factor." The record makes abundantly clear, however, that Judge Hansen did not consider the timing of defendant's cooperation as an aggravating factor in determining the sentence to be imposed.

■ Smitherman also contends that the district court erred in sentencing him to serve consecutive sentences on the convictions in the Northern and Southern Districts of Iowa. At the time Smitherman was sentenced, Guidelines section 5G1.3 provided in part: [2]

> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences.

The commentary to then section 5G1.3 stated that a departure from the general rule of consecutive sentences is warranted when "independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines." Whether to impose a consecutive or concurrent sentence is within the discretion of the court, which shall take into consideration the seven factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b). We see nothing in the record to indicate that the district court erred in imposing consecutive sentences or failed to consider the relevant factors set forth in section 3553(a).

Smitherman's fourth contention is that the district court erred by sentencing him under the enhancement provisions of 18

---

**2.** Section 5G1.3 was amended effective November 1, 1989.

U.S.C. § 3147, which provides for a penalty for an offense committed while on release pending imposition of sentence on an earlier offense. Smitherman asserts that although he was provided notice of the conditions under which his sentence could be enhanced if he committed a new crime while on release, section 3147 was not specifically cited to him at the time of his release. Smitherman, however, was informed of the penalties to which he was subject under section 3147 at the time of his release and indicated his awareness of those conditions by his signature. Accordingly, we need not consider whether the failure to notify a defendant at the time of release on bail of the penalty provided by section 3147 precludes the later imposition of an enhanced sentence under that section. *Cf. United States v. Sink,* 851 F.2d 1120, 1121 (8th Cir.1988) (Heaney, J., joined by Lay, Ch. J., concurring), *cert. denied,* —— U.S. ——, 109 S.Ct. 800, 102 L.Ed.2d 791 (1989). *See also United States v. Di Pasquale,* 864 F.2d 271 (3d Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989); *United States v. Cooper,* 827 F.2d 991 (4th Cir.1987); *United States v. DiCaro,* 852 F.2d 259 (7th Cir. 1988).

Finally, Smitherman contends that the district court erred by failing to reduce his conduct level for acceptance of responsibility on the section 3147 sentence. Smitherman contends that pursuant to Guidelines section 3E1.1 the district court should have reduced his conduct level by two levels. Smitherman argues that he manifested sincere contrition when he stated before the trial court: "I stand before this Court a broken man. Cocaine took over my life. I'm ashamed of what I've done. I want to get on with this and get back to my family. That's all I have to say. Thank you." Sentencing Transcript at 87.

■ A guilty plea does not guarantee a reduction as a matter of right. *United States v. Young,* 875 F.2d 1357, 1360 (8th Cir.1989) (citing Sentencing Guidelines § 3E1.1(c)). " 'The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it

is without foundation.' " *United States v. Johnson,* 879 F.2d 331, 335 (8th Cir.1989) (quoting Sentencing Guidelines § 3E1.1, application note 5). We cannot say that the district court's determination that Smitherman had not truly accepted responsibility notwithstanding his profession of regret was without foundation.

The district court's judgment is affirmed.