UNITED STATES of America, Appellee,

v.

Scott Jay FRENCH, Appellant.

UNITED STATES of America, Appellee,

v.

Michael D'Andre BROWN, Appellant.

Nos. 89–5145, 89–5213.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1989.

Decided April 19, 1990.

Neil B. Dieterich, St. Paul, Minn., and Harlan M. Goulett, Minneapolis, Minn., for appellants.

James E. Lackner, Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

On February 10, 1988, appellants Michael Brown and Scott French were arrested along with three others as part of an undercover investigation of a cocaine distribution ring. Brown and French went to trial. The others pleaded guilty.

Brown was convicted of possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) (1988), and conspiracy to distribute cocaine, 21 U.S.C. § 846 (1982). The District Court [1] sentenced him to twenty-seven months in prison, the minimum sentence under the sentencing guidelines. Both the United States and Brown appeal the trial court's refusal to allow Brown to cooperate with the government while on bond awaiting sentencing. Brown also argues on appeal that this Court should remand his case to the sentencing judge with instructions to depart downward from the

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

guidelines for the help Brown already has given the government. We express our disapproval of the District Court's policy that resulted in its refusal to allow Brown to cooperate with the government. We reject Brown's argument for a downward departure based on cooperation because it rests on the legally incorrect premise that a sentencing judge may consider such a departure without a motion by the government.

French was found guilty by a jury of all three counts against him: possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1); conspiracy to distribute cocaine, 21 U.S.C. § 846; and use or possession of a firearm during the commission of a felony, 18 U.S.C. § 924(c)(1) (1982 & Supp. V 1987). The District Court sentenced French to concurrent three-year sentences on the two cocaine offenses and to a five-year sentence for the firearms offense to be served consecutively to the other sentences. Seeking reversal of his convictions, French argues that the court erred in excluding the proffered testimony of his mother that French told her as he was leaving the house the day of his arrest that he was going out to sell his car and gun. We affirm.

## I.

### A.

Brown's appeal concerns only his sentence. The United States and Brown both argue against the District Court's denial of Brown's request for permission to cooperate with the police while released on bond pending his sentencing.

█ After trial but before sentencing, the government offered to ask the District Court to depart downward from the applicable guideline range if Brown would cooperate with the police in their investigation of the man who had supplied Brown with cocaine. The cooperation would take the form of, among other things, making controlled purchases of cocaine. Brown agreed to cooperate in the manner suggested by the government, and his attorney wrote to the District Court requesting per-

mission for Brown to do so while released on bond. The court responded by letter and denied the request.

This is an unusual case because both parties argue for the same result: that we express our disapproval of the District Court's policy of categorically forbidding defendants released on bond to go undercover for the police. We have been presented with no argument in favor of the policy, but do have the court's explanation of its rule. In the letter denying Brown's request to cooperate with the police, the court stated:

> My practice does not permit defendants who are on bond to this court to engage in drug trafficking. I would consider the activity of the type that you describe to be in violation of the defendant's conditions of release and would arrange for his immediate incarceration if he were to participate in the activities that you describe. In my judgment, the conduct of the type for which you request permission is not consistent with release on bond pending sentence.

Letter from the Honorable Donald D. Alsop to Allan Hart Caplan (Feb. 10, 1989). Because we find this practice to contravene federal policy concerning cooperation with authorities and to proceed from a faulty analysis, we order that the practice be abandoned.

Rule 35(b) of the Federal Rules of Criminal Procedure provides:

> The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.

This Rule not only contemplates a criminal defendant's assistance to authorities but

empowers the district court to reward it. Although it may be possible for a particular defendant to provide substantial assistance to the authorities without making controlled buys, the court's reluctance to authorize such activities appears to be based on a fundamental error of law. The court characterizes cooperation with the police in this manner as "drug trafficking," which is a crime. The purpose of controlled drug purchases, however, is to identify and prosecute drug dealers, not to resell or consume the drugs. Such undercover operations therefore do not contain the criminal intent, or *mens rea,* necessary to convert the action into a crime.

The parties make a number of additional arguments against the practice of the District Court, but these we do not address because we are satisfied that the challenged practice is not consistent with Rule 35(b). Nor is it consistent with section 5K1.1 of the Sentencing Guidelines, which permits a defendant to qualify for a downward departure on the basis of his cooperation with the government. United States Sentencing Commission, *Guidelines Manual* § 5K1.1, p.s. (Nov. 1989). We do not think it is open to district courts to frustrate a criminal defendant's desire to cooperate (not to mention the government's conduct of criminal investigations) in the way that the District Court's inflexible practice does. We therefore disapprove of the practice. Our disapproval of the practice affords no basis for appellate relief to Brown, who already has been sentenced. Brown's sentence, however, has been stayed pending appeal, and we believe that he should be permitted at this time to cooperate with the government. If he does cooperate in good faith, the government then may file a Rule 35(b) motion for reduction of his sentence.

### B.

■ Brown urges that we remand this case to the District Court with instructions

that a downward departure based on the alleged "substantial assistance" he has already rendered to the police be granted or at least be given "the most serious consideration." Appellant's Reply Brief at 4. We reject this request.

As a matter of law, Brown is not eligible for a reduced sentence under the section of the guidelines that permits a sentence reduction for "[s]ubstantial [a]ssistance to [a]uthorities" because that section requires a motion by the government and no such motion has been made here. U.S.S.G. § 5K1.1, p.s.[2] At Brown's sentencing, the government argued that he had not yet rendered any assistance that would qualify him for a reduced sentence but did not inform the District Court that section 5K1.1 requires a motion by the government. The Court proceeded to deny a reduction under section 5K1.1 not because the government had failed to make a motion for reduction, but because the Court reviewed the facts and concluded that Brown was not deserving of a reduced sentence for his alleged assistance to authorities. Such an exercise of discretion by a sentencing court resulting in a refusal to depart downward from the guidelines is nonreviewable. *United States v. Evidente,* 894 F.2d 1000, 1004 (8th Cir.1990). But here the District Court, without a motion by the government, had no authority even to consider a downward departure under section 5K1.1. In these circumstances, we have no authority to order that the court consider such a departure. The appellate relief Brown requests is denied.

### II.

■ On appeal French attacks only his convictions, arguing that the court's exclusion of his mother's testimony constitutes reversible error. During the trial, the defense called French's mother as a witness to testify that French had told her—before leaving the house and engaging in the drug transaction for which he was arrested—

---

**2.** Section 5K1.1 states: "Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of an-

other person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1 & App. C.

that he was going to sell both his car and gun that day. The government objected to Mrs. French's testimony as hearsay and the defense argued that her testimony was admissible as an exception to the hearsay rule under either Rule 803(3)[3] or Rule 803(24)[4] of the Federal Rules of Evidence. The District Court ruled that the proffered testimony was inadmissible under either of these rules. Although our decision does not turn on whether the proffered testimony qualifies for one of the exceptions to the general exclusion of hearsay evidence set forth in Rule 803, we are inclined to think that Mrs. French's testimony was admissible under Rule 803(3). That rule permits the admission of statements concerning "the declarant's then existing state of mind ... (such as intent, plan, [or] ... design[.) ]" French's statement to his mother that he intended to sell his gun appears to constitute such a statement of intent, plan, or design.[5] That the statement may have been admissible as an exception to the hearsay rule, however, does not mean it is not excludable on grounds of irrelevancy. And irrelevant it is.

Even if the jury would have believed that at the time he left his mother's house French intended to sell his gun sometime the day of his arrest, his intent to sell the gun would not contravene that which the jury did find—that "during and in relation to a drug trafficking crime [French] use[d] or carr[ied] a firearm" as is required for his conviction under 18 U.S.C. § 924(c)(1). The jurors heard evidence regarding French's central role in the narcotics transaction, his statements to the undercover police officer during preliminary negotia-

tions concerning the cocaine deal that he had a gun and that it was loaded, and the arresting officer's discovery of the gun on French at the time of arrest. That French was carrying a gun when he sold cocaine to an undercover officer is amply demonstrated by the evidence in this case. Indeed, at trial French did not even dispute the government's evidence that he was carrying a gun at the time the cocaine transaction took place. The evidence compels the conclusion that French carried the gun "in relation to ... [a] drug trafficking crime" within the meaning of 18 U.S.C. § 924(c)(1). Whether French's agenda for the portion of the day following the drug transaction would have included his selling the firearm has no bearing on his guilt or innocence of the section 924(c)(1) offense for which he was tried. His mother's testimony therefore was properly excluded, as it was irrelevant to the jury's decision, and thus we see no basis in the District Court's ruling for reversal of French's convictions.

### III.

In summary, we affirm Brown's sentence but express our disapproval of the District Court's policy that resulted in its refusal to allow Brown to cooperate with the government in a drug investigation by making controlled buys of cocaine while he was on bond pending his sentencing. This policy unduly hampers the government's ability to conduct drug investigations and cannot be squared with the provisions of federal sentencing law that authorize reduced sentences for defendants who render substantial assistance to law enforcement authorities. French's convictions are affirmed.

---

**3.** Rule 803(3) of the Federal Rules of Evidence provides in full:

    **(3) Then existing mental, emotional, or physical condition.** A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

**4.** Rule 803(24) is the remainder clause to the various exceptions listed in Rule 803: It pro-

vides for the admission of hearsay not otherwise admissible if

    (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

**5.** See, e.g., E. Cleary, *McCormick on Evidence* § 294 (3d ed. 1984).

JOHN R. GIBSON, Circuit Judge, concurring in part and dissenting in part.

I concur in the result the court reaches today and in its opinion, with the exception of Part 1A.

I am convinced that Judge Alsop did not err or abuse his discretion in following a policy of refusing to allow defendants released on bond to engage in undercover drug trafficking. I do not believe that this policy conflicts with Rule 35(b) of the Federal Rules of Criminal Procedure or the Sentencing Guidelines. Brown was released pending sentencing and the Order Setting Conditions of Release specified that Brown refrain from using or possessing narcotic drugs or other controlled substances unless prescribed by a physician. This condition parallels the language in 18 U.S.C. § 3142(c)(1)(B)(ix). Supervising persons released on bond is one of the responsibilities which weigh most heavily in the hands of the district judge. We should not create additional obstacles for the district judge to overcome in exercising his discretion to fulfill that responsibility. The district judge, who has faced the defendant in open court, is in the best position to make decisions concerning the defendant's release and the conditions for such release.

I differentiate between persons who have been charged and released on bond, and persons who have not been charged or otherwise are in the hands of law enforcement authorities. In the latter case, there are no impediments which prevent law enforcement authorities from offering the opportunity to participate in controlled drug transactions for the purpose of effectuating further arrests. That, however, is not the issue in this case. The distinction turns on whether judicial proceedings have actually commenced or whether they are under consideration. This distinction is significant; prior to commencement of judicial proceedings, law enforcement authorities are responsible for such individuals, and not the judiciary. At that stage, law enforcement authorities are well-equipped to place the necessary conditions on the potential accused to protect his or her interests, as well as the interests of the law enforcement agency. I suspect that most controlled transactions utilize persons who have been placed under arrest or are otherwise in the hands of law enforcement authorities; I see no problem in leaving decisions concerning cooperation between law enforcement authorities and defendants or potential defendants to the discretion of such authorities.

A completely different question is presented, however, when the individual has been charged and released pending trial, sentencing, or appeal, under the condition that he or she refrain from using or possessing drugs. In such cases, where the condition has been imposed by the court, I believe that the district judge has broad discretion to see that the condition is followed. The court has discretion to condition release not only upon the standard conditions but also upon such other conditions as judicial discretion may dictate. If the accused breaches one of those conditions, his release may be terminated and his incarceration ordered. This decision lies solely with the district judge. Here, both the government and Brown contend that Judge Alsop committed error. No one has spoken on behalf of Judge Alsop; yet it was his exercise of discretion which led to the issue before us. I do not agree with the court today in concluding that Judge Alsop acted contrary to law or that he somehow abused his discretion. We have recognized, in the related areas of imposing and enforcing conditions of probation, that district judges possess broad discretion. *United States v. Schoenrock,* 868 F.2d 289 (8th Cir.1989).

My dissent from Part 1A is not intended to restrict in any manner Brown's right to fully cooperate with law enforcement authorities through activities other than participating in controlled transactions, and I do not read Judge Alsop's explanatory letter to place any such limitation on an individual in this situation. Rule 35(B) and Guideline § 5K1.1 control such activities. This court takes a step too far, however, in

limiting the district judge's discretion in fulfilling his responsibility to supervise the release of the accused.