**UNITED STATES of America, Appellee,**

v.

**Miroslav ORANSKY, Appellant.**

**No. 89–2501.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1990.

Decided July 10, 1990.

Rehearing Denied Aug. 21, 1990.

Lisa Pake, Boston, Mass., for appellant.

James K. Steitz, St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, and HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Miroslav Oransky pleaded guilty to two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) (1982). At sentencing, Oransky asked the district court to depart from the relevant base offense levels in recognition of Oransky's substantial assistance to authorities and unusual family circumstances. The district court refused and sentenced Oransky to two concurrent terms of twenty-four months in prison and three years of supervised release. We affirm.

Oransky raises numerous arguments against the guidelines requirement that a sentencing court receive a motion from the government before granting a departure for substantial assistance. *See* U.S.S.G.

§ 5K1.1 (Oct.1987). Initially, Oransky claims the motion requirement violates due process and separation of powers. He also contends that, in his particular case: (1) no government motion was required because the offense of conviction carried no statutory minimum sentence; (2) a stipulation of facts agreed to by the government either satisfied the motion requirement or amounted to an enforceable promise to file a motion; (3) the district court abused its discretion by refusing to depart in light of the facts presented at sentencing; and (4) the government's arbitrary or bad faith refusal to file a section 5K1.1 motion after stipulating to Oransky's significant cooperation violated Oransky's right to due process.

■ We reject each of Oransky's claims. First, the government motion requirement in section 5K1.1 does not violate due process or separation of powers. *United States v. Grant*, 886 F.2d 1513, 1514 (8th Cir.1989). Second, just as 18 U.S.C. § 3553(e) (Supp. V 1987) requires a government motion before a defendant may receive a sentence less than a statutory minimum, section 5K1.1 requires a government motion before a defendant may receive either a downward departure to a statutory minimum sentence or, as here, any downward departure where there is no statutory minimum. *See* U.S.S.G. § 5K1.1 (Oct.1987); *United States v. Coleman*, 895 F.2d 501, 504 n. 5 (8th Cir.1990). Third, the stipulation made by Oransky and the government neither takes the place of a section 5K1.1 motion nor contains any government pledge to file a motion. *See id.* at 504–06. Fourth, the district court did not abuse its discretion by failing to grant Oransky a departure because, lacking a government motion, the court had no authority to depart. *United States v. Smitherman*, 889 F.2d 189, 191 (8th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990). Finally, we need not consider Oransky's claim of prosecutorial arbitrariness or bad faith because the issue was not presented to the district court. *United States v. Creed*, 897 F.2d 963, 965 (8th Cir.1990).

■ Oransky also attacks the district court's failure to require the government to establish by proof beyond a reasonable doubt all of the facts relevant to his sentence. Due process, however, demands only that the government's proof preponderate, *United States v. Sleet*, 893 F.2d 947, 949 (8th Cir.1990), and the facts used in determining Oransky's sentence satisfied this standard.

■ Finally, Oransky contends the district court, which was fully aware of its discretion to depart downward, abused its discretion by failing to grant a downward departure in consideration of Oransky's family circumstances. *See* U.S.S.G. § 5K2.0 (June 1988); 18 U.S.C. § 3553(b) (Supp. V 1987). *But see* U.S.S.G. § 5H1.6 (Oct.1987) (family ties and responsibilities ordinarily not relevant to departure). Congress has foreclosed our review of this claim. "This [c]ourt simply is not empowered under 18 U.S.C. § 3742, or any other statute, to review a sentencing court's exercise of its discretion to refrain from departing ... downward from the range established by the applicable guideline." *United States v. Evidente*, 894 F.2d 1000, 1004 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990).

We have carefully considered Oransky's remaining contentions and conclude they are without merit. Oransky's sentences are affirmed.

HEANEY, Senior Circuit Judge, concurring.

In my view, *United States v. Smitherman*, 889 F.2d 189 (8th Cir.1989), sweeps with too broad a brush. If a district judge decides to depart downward and if there is substantial support for this departure in the record, the court's decision should be sustained on appeal. *See United States v. Gutierrez*, 908 F.2d 349 (8th Cir.1990) (Heaney, J., dissenting); *United States v. Roberts*, 726 F.Supp. 1359 (D.D.C.1989). The court should also be sustained if a question of prosecutorial bad faith or arbi-

trariness is present. *United States v. Grant*, 886 F.2d 1513 (8th Cir.1989).