**UNITED STATES of America,
Appellant,**

v.

**David Victor GUTIERREZ, Appellee.**

**UNITED STATES of America,
Appellant,**

v.

**Patrick McMICKLE, Appellee.**

Nos. 89–1950, 89–2222.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1989.

Decided July 12, 1990.

Vacated on Grant of Petition for Rehearing with Suggestion for Rehearing En Banc in No. 89–1950 Sept. 26, 1990.

------

Richard L. Murphy, Cedar Rapids, Iowa, for U.S.

Mark Meyer, Cedar Rapids, Iowa, for appellee Gutierrez.

Leslie E. Stokke, Cedar Rapids, Iowa, for appellee McMickle.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and WEBB,* District Judge.

WOLLMAN, Circuit Judge.

The government appeals the sentences imposed upon David Victor Gutierrez and Patrick McMickle. The district court departed downward from the range provided by the Federal Sentencing Guidelines (Guidelines) because of defendants' assistance to the government, notwithstanding the fact that the government did not move for departure. We reverse and remand for resentencing.

## I.

Gutierrez and McMickle pleaded guilty to drug charges. After Gutierrez entered his plea, federal agents debriefed him on a single occasion, during which he identified his supplier and his customers. He also testified at another defendant's trial on drug charges before the same district court.

------

* The HONORABLE RODNEY S. WEBB, United States District Judge for the District of North Dakota.

Government agents initially sought McMickle's cooperation after McMickle delivered eighty-two pounds of marijuana to an undercover agent during a controlled buy. McMickle wore a recording device and returned the marijuana to his source. The government later debriefed McMickle on one occasion.

At the time of Gutierrez' and McMickle's sentencing Guidelines § 5K1.1 provided in pertinent part:

Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.[1]

Both Gutierrez and McMickle asked the court to depart from the Guidelines in recognition of their cooperation despite the government's refusal to move for departure. The court sentenced Gutierrez to fifty-one months' imprisonment, departing downward from the Guidelines by six months. The court sentenced McMickle to concurrent sentences of ninety-six months' and sixty months' imprisonment, a downward departure of twelve months from the applicable Guideline range.

## II.

We have upheld refusals to depart downward under section 5K1.1 in the absence of a government motion. *See United States v. French*, 900 F.2d 1300 (8th Cir.1990); *United States v. Sutherland*, 890 F.2d 1042 (8th Cir.1989) (per curiam); *United States v. Smitherman*, 889 F.2d 189 (8th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990); *United States v. Grant*, 886 F.2d 1513 (8th Cir. 1989); *United States v. Justice*, 877 F.2d 664 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989). In *Justice*, we said by way of dicta that "in an appropriate case the district court may be empowered to grant a departure notwithstanding the government's refusal to mo-

tion the sentencing court if the defendant can establish the fact of his substantial assistance." 877 F.2d at 668–69. We held in *Smitherman* that the absence of a 5K1.1 motion by the government precludes a departure by the trial court in cases that raise no question of prosecutorial bad faith or arbitrariness that might conceivably present a due process issue. *Smitherman*, 889 F.2d at 191.

Other circuits have similarly found that district courts may not make section 5K1.1 departures absent a government motion. *United States v. Wright*, 873 F.2d 437 (1st Cir.1989); *United States v. Soliman*, 889 F.2d 441 (2d Cir.1989); *United States v. Huerta*, 878 F.2d 89 (2d Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); *United States v. Francois*, 889 F.2d 1341 (4th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990); *United States v. White*, 869 F.2d 822 (5th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989); *United States v. Rojas*, 868 F.2d 1409 (5th Cir.1989); *United States v. Taylor*, 868 F.2d 125 (5th Cir.1989); *United States v. Lewis*, 896 F.2d 246 (7th Cir.1990); *United States v. Ayarza*, 874 F.2d 647 (9th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990). According to the Fourth Circuit, "[t]he language of [section 5K1.1] is clear and unequivocal that consideration of such a departure must begin with a motion of the government." *Francois*, 889 F.2d at 1343. The Second Circuit has held that a trial court's refusal to lower a defendant's sentence for alleged cooperation with the government is not reviewable, though where the "prosecution declines to certify a defendant as having substantially cooperated with the government, it remains within the district court's discretion to consider sua sponte the defendant's allegations upon sentencing." *Soliman*, 889 F.2d at 444.

In the present case, the district court reasoned that because section 5K1.1 is labeled as a policy statement, it does not

---

1. Section 5K1.1 was amended effective November 1, 1989, by substituting "provided" for "made a good faith effort to provide."

have the same force of law as a guideline and therefore is not binding on the court. The government motion requirement is also present, however, in section 3553(e) of the Sentencing Reform Act of 1984:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e).

We recently held that a motion by the government is a prerequisite to a district court's power to impose a sentence below the statutory minimum under section 3553(e). *United States v. Coleman*, 895 F.2d 501 (8th Cir.1990). Thus, although section 5K1.1 refers to a departure from the Guidelines instead of from a statutory minimum, section 3553(e) shows that the requirement of a government motion for departure actually originated with Congress and not with the Sentencing Commission.

Congress possesses the authority to limit judicial sentencing discretion. *United States v. Grant*, 886 F.2d 1513, 1514 (8th Cir.1989) (citing *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 650, 102 L.Ed.2d 714 (1989)). "Congress has plenary authority in all areas in which it has substantive legislative jurisdiction so long as exercise of that authority does not offend some other constitutional restriction." *Buckley v. Valeo*, 424 U.S. 1, 132, 96 S.Ct. 612, 688, 46 L.Ed.2d 659 (1976) (citation omitted).

Section 5K1.1 implements the Congressional directive of 28 U.S.C. § 994(n), which provides:

The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

Congress did not limit the conditions under which the exception may be available in section 994(n), and thus it did not exclude the possibility of a government motion requirement. Instead, Congress introduced the condition itself in 18 U.S.C. § 3553(e), making such a condition presumptively valid in the Guidelines. *See United States v. Musser*, 856 F.2d 1484, 1486–87 (11th Cir. 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989) (finding section 3553(e) to fulfill the Congressional directive of section 994(n)).

Beyond the validity of the government motion requirement, we recognize sound policy reasons for placing the discretion to initiate departure with the government. As the Fifth Circuit stated in *White*, the government motion requirement

is predicated on the reasonable assumption that the government is in the best position to supply the court with an accurate report of the extent and effectiveness of the defendant's assistance and that it would be the rarest of cases in which the government would be unwilling to recognize that assistance.

869 F.2d at 829. The government may also reward a defendant for substantial assistance in the charging or plea bargaining process instead of moving for departure at sentencing. *See Sutherland*, 890 F.2d 1043; *Justice*, 877 F.2d at 669; *Taylor*, 868 F.2d at 126–27.

In addition, the government's interest in rewarding defendants for their assistance to government investigations places some control on the prosecution's discretion. "The reasonable use of substantial assistance motions for those who cooperate will make others more likely to do so in the future." *Huerta*, 878 F.2d at 93. Prosecutorial "promises to make [section 5K1.1] motions are analogous to plea agreements," likely making remedies similar to those for breach of a plea agreement also available for breached motion promises. *Id.* As in *Grant*, we do not have before us

the question whether the "prosecutor's arbitrary or bad faith refusal to move for a section 5K1.1 departure violates due process," 886 F.2d at 1514.

Therefore, without a clear statement from the Commission to the contrary, we treat the policy statement of section 5K1.1 as binding law because it comports with the directive of section 994(n) and because its requirements coincide with the requirements of section 3553(e). Accordingly, we hold that district courts are bound to comply with the unambiguous language of section 5K1.1.

The sentences imposed upon Gutierrez and McMickle are vacated and the cases are remanded to the district court for resentencing.

HEANEY, Senior Circuit Judge, dissenting.

This is the first panel in our Circuit to hold that a district court errs in departing downward where convicted defendants have rendered substantial assistance to the government pursuant to the Sentencing Guidelines. *But see United States v. Coleman*, 895 F.2d 501, 501 (8th Cir.1990) (holding that under 18 U.S.C. § 3553(e), district courts are not empowered to depart from mandatory minimum sentence for substantial assistance without a motion by the government); *United States v. Reina*, 905 F.2d 638 (2d Cir.1990). In my view, the majority's view is not required by the Guidelines, unduly limits the ability of a trial court to protect a defendant against arbitrary action, and is generally inconsistent with traditional notions of fair play and due process. I therefore dissent.

## I. THE DEFENDANTS PROVIDED SUBSTANTIAL ASSISTANCE

Before discussing the legal question, I recognize that the record amply supports the district court's finding that both defendants provided substantial assistance to the prosecutor's office. I also note that the prosecutor's office provided no information to the probation office with respect to the assistance offered by the defendants to it. All information on this score was developed by the district court at the sentencing hearing, a hearing which is a model of clarity and thoroughness. Finally, I must take notice of the fact that the government's stated reason for failure to move for a reduction was that neither defendant had done enough. It made no statement as to why this was so or what more was required.

The district court found that Gutierrez had provided substantial assistance by identifying both his suppliers and customers and by testifying against Larry James Shreeves at Shreeves' trial. The district court was particularly well positioned to note the importance of his trial testimony in assisting the government in its effort to convict Shreeves because it presided at the Shreeves' trial.

The district court found that McMickle had provided substantial assistance by acceding to the government's post-arrest request to return to his supplier wearing a wire to record his dealings with the supplier. This action enabled authorities to seize another 30 pounds of marijuana. The court further found that McMickle cooperated with the government in a debriefing session and expressed a willingness to testify at the trial of others.

In both cases, the government failed to reveal what, if any, standards its office used in deciding not to move for a downward departure.[2] I would add that to my knowledge not a single United States At-

---

**2.** The ramifications from both the lack of standards and the secrecy are significant.

    While judicial sentences and hence judicial disparities are pronounced on the public record, and are accordingly plain for all to see, disparities brought about by prosecutorial practices and conduct are generated by decisions made off the record in the prosecutorial offices.

*United States v. Roberts*, 726 F.Supp. 1359, 1366 (D.D.C.1989). The *Roberts* court also noted the ramifications of unrestrained prosecutorial discretion.

    For that reason, even the most indefensible kinds of discrimination can determine such sentences. To put it more concretely, some of the impetus for guideline sentencing was generated by the concern that judges in some

torney's office in this Circuit has revealed the standards that it uses to determine whether a defendant's cooperation merits a motion for reduction of sentence.

## II. THE GUIDELINES DO NOT RE- QUIRE THE RESULT REACHED BY THE MAJORITY

The Guidelines in effect at the time of sentencing provided:

**§ 5K1.1.   Substantial Assistance to Authorities (Policy Statement)**

Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

The Fifth Circuit has stated that as a policy statement, section 5K1.1 is not binding on district courts. *See United States v. White*, 869 F.2d 822, 829 (5th Cir.1989). I believe it is correct. Congress directed the Sentencing Commission to establish guidelines and policy statements. 28 U.S.C. § 994. The statute is silent as to what force the policy statements were to have. Nonetheless, Congress must have envisioned a difference between guidelines and policy statements or it would not have made the distinction.

The Commission was silent with respect to whether the policy statements were more than suggestions. I do not believe they were. For example in section 1B1.7 the Commission stated that "the commentary *may suggest* circumstances which, in the view of Commission, *may warrant* departure from the guidelines. *Such commentary is to be treated as the legal equivalent, of a policy statement.*" (Emphasis added). In the commentary to § 1B1.7, the Commission states that "in seeking to understand the meaning of the guidelines courts likely will look to the commentary *for guidance as an indica-*

tion of the intent of those who wrote them." Thus, by making commentary and policy statements equivalent, the Commission has defined policy statements merely as guidance, not as binding authority.

The Commission also stated in Ch. 1, Part A, Introduction 4(b) that the Guidelines refer to three kinds of departure. The first kind of departure is the "interpolation" or "splitting the distance" between two related guideline sections. The second is when specific guidance is provided by analogy, as in the commentary to section 2G1.1.

A third kind of departure will remain unguided. It may rest upon grounds referred to in Chapter 5, Part H, or on grounds not mentioned in the guidelines. While Chapter 5, Part H lists factors that the Commission believes may constitute grounds for departure, *those suggested grounds are not exhaustive.*

U.S.S.G. Ch. 1, Part A, Introduction 4(b) (emphasis added). The Commission has *suggested* that a ground for departure is the government's recognition in the form of a motion of the defendant's assistance. The Guidelines do not preclude a court using its own conclusion of assistance as a ground.

Perhaps most persuasive is the Commission language in section 1B1.4. There, the Commission states that in determining whether departure is warranted, a court "may consider, *without limitation, any information* concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law" (emphasis added). In the commentary to that section, the Commission states "information that does not enter into the determination of the applicable Guidelines sentencing range may be considered in determining whether and to what extent to depart from the Guidelines." Therefore, the Guidelines permit district courts, in their discretion, to consider assistance to authorities in deciding whether to depart from the sentencing

---

areas were dealing more harshly with black defendants than with whites. Can it really be believed that United States Attorneys and their assistants in those same areas, who now largely have control of sentencing through

their control of the charges, will be less governed by their prejudices, particularly since their decisionmaking will not be out in the open?

*Id.* at 1366 n. 43.

range when the government fails to move for departure from the sentencing range.

## III. DUE PROCESS AND FUNDAMENTAL FAIRNESS

If section 5K1.1 is interpreted to limit the courts to departure only on a motion by the government, I would find that limitation to be fundamentally unfair and a violation of due process. I believe this court in *United States v. Justice* pointed out the serious difficulties in reconciling a motion requirement with due process.

*Justice* expressed three primary concerns with requiring a government motion. First, it removes the consideration which has been traditionally in the discretion of the court and places it in the hands of the prosecutor. *United States v. Justice*, 877 F.2d 664, 667 (8th Cir.1989). This transfer of discretionary authority does nothing to ensure consistency of sentencing. Moreover, it is "questionable whether our constitutional system of due process tolerates a situation where the key sentencing responsibility is exercised not by a judge but by the prosecuting attorney." *See Roberts*, 726 F.Supp. at 1367.

By the time a criminal defendant has reached the sentencing stage, all three players—the government, the defendant and the court—are bound together by the constitution and laws in a process designed to result in a sentence which reflects the interests of the government and the people but which is balanced by the rights of the defendant. By freeing the hands of the prosecutor while leaving the defendant and the court bound, § 3553(e) and § 5K1.1 skew the sentencing process in a way that cannot withstand due process scrutiny.

*United States v. Curran*, 724 F.Supp. 1239, 1244 (C.D.Ill.1989).

The role of judges in sentencing has been a part of the due process core of criminal litigation because, by the very nature of their positions in the system, judges are expected to be and generally are fair, without partiality to one side or the other. Prosecutors obviously are not, as human beings, different from judges; however, their positions predispose them not to be even-handed while occupying those positions, but to favor the prosecution side of criminal litigation. Yet, under the new sentencing scheme, prosecutors are not only performing their customary responsibilities of filing the charges and presenting the government's side in the course of criminal trials; their power over sentencing, as discussed above, often effectively constitutes them also as the authority which determines punishment. This change has in substantial measure eliminated the safety valve in terms of fairness and due process of an impartial judge exercising whatever sentencing discretion any particular criminal statute allows.

*Roberts*, 726 F.Supp. at 1367.

The problem becomes even more compelling when the second concern expressed by *Justice*—the nonreviewability of the prosecutor's decision—is considered. *Justice*, 877 F.2d at 667. A district court's decision was reviewable under pre-Guidelines standards, *see Woosley v. United States*, 478 F.2d 139, 147 (8th Cir.1973), but today's decision places a prosecutor's decision as to sentence beyond reach of the Constitution. *Id.; see also Roberts*, 726 F.Supp. at 1374–75.

It is the government's invariable position that, regardless of the circumstances, no one—neither the defendant nor a court—may challenge the prosecutorial decision not to initiate the process, or may even attempt to ascertain on what basis that decision was made, and that this is so although the decision will have enormous consequences for the defendant, running into many years of incarceration time. It is difficult to conceive of a parallel situation in the law where substantial liberty interests and consequences provided for by statute are beyond the power of inquiry by anyone.

*Id.* at 1375. Even if the majority's decision leaves *Grant*'s bad faith exception intact, review is seriously curtailed. Under prior standards, abuse of discretion was abuse of discretion, regardless of whether the judge's error was in good faith.

Finally, *Justice* points out that the issue of substantial assistance is often a factual dispute. *Justice*, 877 F.2d at 667. Nonetheless, in the absence of a government motion, the defendant is precluded from presenting, and the court from considering, evidence of assistance. *See id.; Roberts*, 726 F.Supp. at 1374. In such situations, a defendant is effectively denied the opportunity to insure that his sentence is based on true and accurate information, that he be allowed to rebut facts relied on, and that he be afforded the opportunity to present evidence.

## IV. CONCLUSION

In summary, I would hold that section 5K1.1 does not limit courts from considering a defendant's assistance to authorities and granting a downward departure from the Guidelines range for such assistance. I would further hold that a court's determination that the defendant provided assistance warranting departure is a finding of fact reviewable under the clearly erroneous standard. In the cases of both McMickle and Gutierrez, I would find the court's factual finding supported by the record and sustain it. Finally, I would find the departures of six months from a 57–month Guideline minimum and twelve months from a 108–month minimum to be reasonable and not an abuse of discretion. Accordingly, I would affirm the sentence.[3] To do otherwise is to further limit the already limited discretion of the district court, a discretion which must be exercised in the public view and subject both to constitutional limitations and to review on appeal.

On Motion For Rehearing Sept. 26, 1990.

Appellee's petition for rehearing with suggestion for rehearing en banc has been considered by the court and is granted. The opinion and judgment of this court filed on July 12, 1990, are vacated. The case is set for oral argument before the court en banc at 2:00 P.M. on Wednesday, October 10, 1990, in the U.S. Court and Customhouse in St. Louis, Missouri.

---

[3]. Although I do not believe the *Grant* bad faith exception solves the due process problems, I also do not believe the majority opinion precludes the district court on remand from considering whether the government acted in bad faith and again sentencing with the departure if the court finds bad faith.