UNITED STATES of America, Appellee,

v.

Thomas Robert HUBERS, Appellant.

No. 90–5491.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1991.

Decided July 1, 1991.

Marc Kurzman, Minneapolis, Minn., for appellant.

Lonie Bryan, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

Hubers appeals the district court's[1] refusal to consider evidence of his assistance to the government without a motion from the government pursuant to § 5K1.1 of the Sentencing Guidelines (hereinafter "Guidelines") and its refusal to order the government to comply with the terms of a document Hubers believes to be a binding plea agreement. We affirm.

I. BACKGROUND

Hubers was arrested after purchasing cocaine from an undercover law enforcement officer. On January 5, 1990, approximately four months after his arrest, Hubers was indicted on one count of possession with intent to distribute cocaine, one count of conspiracy to possess with intent to distribute marijuana, and one count of conspiracy to possess with intent to distribute cocaine. Between the time of his arrest and the filing of the indictment, Hubers had cooperated to some extent with the government.

Hubers signed a plea agreement provided by the government, and his signature is dated January 5, 1990.[2] This agreement provided in part that

> [u]pon motion by the United States stating that defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines. Shortly after defendant's arrest, he agreed to cooperate with law enforcement. Since that time, efforts to cooperate have been made by defendant. These efforts continue. At the time of sentencing, the defendant may present these efforts to the court in mitigation of sentence.

R. at 7–8. This agreement was never signed by the government; in fact, the government informed Hubers that it would not sign this agreement and would not move for a downward departure based on Hubers' assistance.[3] Hubers entered a conditional plea of guilty based on this agreement, but the plea was rejected by the district court[4] because the government had not signed the agreement and there was no basis for enforcing its terms.

In July, Hubers and the government signed a plea agreement that was identical to the first proposed agreement except that

---

**1.** The Honorable Donald D. Alsop, Chief Judge for the United States District Court for the District of Minnesota.

**2.** At oral argument, the government insinuated that Hubers did not sign the plea agreement on January 5, but rather signed it a few days later. Hubers' counsel denied this allegation. The exact date that Hubers signed this agreement is not relevant to the outcome of this case.

**3.** In explaining its change of heart to both this court and the district court, the government conceded that Hubers had called his source in Texas and allowed the government to tape the conversation as promised. However, the government later learned that Hubers had, prior to that conversation, informed his source that he was cooperating with the government and that the source should be suspicious of any phone calls received from Hubers.

**4.** The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

it did not require the government to make a § 5K1.1 motion based on Hubers' substantial assistance. Hubers asked the court to grant a downward departure based on his substantial assistance, but the district court refused because it believed it lacked the authority to make a § 5K1.1 departure in the absence of a motion from the government. The district court also refused to accept evidence or make findings regarding the extent of Hubers' cooperation, nor would it indicate whether it would have granted the downward departure if it had the authority to do so. Hubers appeals the sentence, arguing that the district court incorrectly concluded that it needed a motion from the government before awarding a downward departure and, alternatively, that the district court should have enforced the provisions of the first plea agreement and ordered the government to make the motion.

## II. DISCUSSION

### A. The Need for a Motion from the Government

█ Section 5K1.1 of the Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." This court has consistently recognized that a motion from the government is a mandatory prerequisite for a downward departure pursuant to § 5K1.1. *United States v. Oransky,* 908 F.2d 307, 309 (8th Cir.1990) ("section 5K1.1 requires a government motion before a defendant may receive ... a downward departure"); *United States v. Smitherman,* 889 F.2d 189, 191 (8th Cir.1989) ("we hold that the absence of a 5K1.1 motion by the government precluded a departure by the trial court."), *cert. denied,* —— U.S. ——, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990); *see also United States v. Coleman,* 895 F.2d 501, 504 (8th Cir.1990).

█ In denying the need for a motion from the government, Hubers argues that the reasoning of *United States v. Gutierrez,* 908 F.2d 349 (8th Cir.1990) was flawed. In *Gutierrez,* the panel (with Judge Heaney dissenting) reversed a district court that had awarded the defendant a downward departure for his substantial assistance even though the government had not filed a motion for such a departure. *Id.* at 352. However, *Gutierrez* does not have any bearing on this case because the panel's decision in *Gutierrez* was vacated when rehearing en banc was granted. *See United States v. Gutierrez,* 917 F.2d 379 (8th Cir.1990) (en banc). The en banc court split evenly on the question, thereby affirming the district court; thus there is no en banc opinion (and, hence, no opinion from this court) in *Gutierrez.* Nonetheless, our decisions in *Oransky* and *Smitherman* remain, and they dictate our decision in this case.[5]

Hubers also argues that some of our prior cases have left open the possibility that a defendant could, in an appropriate case, obtain a downward departure in the absence of the government's motion if the defendant could prove his substantial assistance to the district court's satisfaction. This possibility was first posited in *United States v. Justice,* 877 F.2d 664, 668–69 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989). However, the *Justice* court expressly refused to reach this issue. *Id.* at 669. Subsequent to *Justice,* the court ruled that for such an "appropriate case" to exist, there must be "a question of prosecutorial bad faith or arbitrariness that might conceivably present a due process issue." *Smitherman,* 889 F.2d at 191. There is no due process issue raised by the sequence of events in the case at bar, thus a motion by the government was required before a § 5K1.1 departure could be made. No such motion was made; consequently, the district court properly refused to award such a departure.

*United States v. Grant,* 886 F.2d 1513, 1514 (8th Cir.1989).

---

**5.** Hubers also argues that requiring a government motion violates due process. This issue was resolved adversely to Hubers' position in

## B. Specific Performance of the Plea Agreement

█ Hubers argues that the first agreement was a binding agreement: the government's tender of the plea agreement constituted an offer, and Hubers' signature constituted an acceptance. Hubers further argues that this agreement induced him to cooperate with the government. Inasmuch as Hubers cannot withdraw this already tendered cooperation, the district court should have specifically enforced the agreement by ordering the government to make the § 5K1.1 motion.

We sincerely doubt that the first plea agreement ever became a binding agreement because it was never signed by a representative from the government. However, we will assume that the agreement was binding; even so, we disagree with Hubers that the agreement should have been specifically enforced. When Hubers entered the second plea agreement and actually entered his plea of guilty, he was well aware that the government was not going to make the § 5K1.1 motion. Consequently, his plea was not involuntary or induced by any mistake or misrepresentation, and no due process concerns are raised by his guilty plea.

█ In considering Hubers' request for specific performance, an important factor is the prejudice to the defendant. *United States v. McGovern*, 822 F.2d 739, 746 (8th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 377 (1987). Hubers suffered no prejudice from cooperating with the government because the prospect of the first plea agreement and the accompanying § 5K1.1 motion did not cause Hubers to cooperate with the government. Hubers began cooperating shortly after his arrest, which took place almost four months before the government gave him the first plea agreement. Moreover, Hubers continued his cooperative efforts after learning that the government no longer intended to reward those efforts by moving for a downward departure. Inasmuch as Hubers' due process rights were protected when the district court refused to accept Hubers' first guilty plea (thereby allowing him to freely choose between going to trial or entering a new plea agreement), and inasmuch as Hubers suffered no prejudice from the government's refusal to make the motion, specific performance would have been inappropriate.

## III. CONCLUSION

Our prior decisions dictate that a motion from the government is required before a district court may depart downward as a reward for a defendant's substantial assistance to the government, absent a genuine issue of bad faith or denial of due process on the government's part. In this case, Hubers was not prejudiced by the government's decision not to make the motion, and his due process rights were protected when the first guilty plea was rejected; consequently, specific performance of the agreement was not called for. We affirm the district court.

BEAM, Circuit Judge, concurring specially.

I fully concur in Parts I and IIB of the opinion. I also concur in the result reached by the court. I write separately to express my continuing view that section 5K1.1 of the Guidelines does not strip a district court of its authority to depart downward for substantial assistance by a defendant in appropriate circumstances. Such authority is found in the general departure authority set forth in the Sentencing Guidelines and nothing in section 5K1.1 expressly or impliedly fetters this prerogative.