39 F.3d 1185
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Jeffrey LENDT, Appellant.
 No. 93-3905.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 9, 1994.
Filed: Nov. 10, 1994.
 
 Before MCMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Jeffrey Lendt pleaded guilty to conspiracy to distribute and possession with intent to distribute LSD. 21 U.S.C. Sec. 846. The plea was pursuant to an agreement with the United States Attorney's Office, the relevant section of which reads as follows:
 
 
 2
 The United States may, but shall not be required to, make a motion pursuant to Sec. 5K1.1 of the United States Sentencing Guidelines requesting the court to depart below the sentencing range called for by the Sentencing Guidelines in the event you provide "substantial assistance." This decision shall be in the sole discretion of the United States Attorney's Office. No downward departure for "substantial assistance" may be made absent a government motion under Sec. 5K1.1.
 
 
 3
 (Emphasis added.) Thereafter, Lendt assisted the government by providing it with all of the information requested. Nonetheless, at the sentencing hearing the government refused to make a motion under U.S.S.G. Sec. 5K1.1. Apparently it refused because the results achieved did not satisfy the government.
 
 
 4
 The district court found that Lendt had a criminal history category of I and an offense level of 26. It determined that Lendt had accepted responsibility for his actions, and thus he should be sentenced at level 23, which carries an imprisonment range of 46 to 57 months. In sentencing Lendt to 46 months imprisonment, the district court judge stated: "I believe that this is a case where the minimum term is appropriate, and if there had been a motion for downward departure, I would have probably went below the 46 months." Sent. Tr. 19.
 
 
 5
 On appeal, Lendt argues that the government's failure to make the promised 5K1.1 motion for a downward departure violated the terms of the plea agreement, and that the government's refusal to make the motion was based on an unconstitutional motive. The government responds that Lendt waived both of these claims because he did not raise them before the district court.
 
 
 6
 We agree with the district court that had the motion been made, this would have been an appropriate case to sentence below the guidelines minimum. Lendt was only eighteen years old at the time he entered into the plea agreement, he had been previously diagnosed with attention deficit disorder, he began drinking heavily at age seventeen, and he experimented with both marijuana and amphetamines in his early teens. Lendt had no prior criminal convictions, other than a drunk driving charge that was pending at the time he entered into the plea agreement. After he entered his plea, Lendt went to live with his grandmother and had a relatively clean record between that date and the date of this appeal.
 
 
 7
 Under the existing law in this as well as other circuits, we must agree with the government that Lendt's failure to present his two claims to the district court precludes our consideration of them. See United States v. Oransky, 908 F.2d 307, 309 (8th Cir. 1990); United States v. Forney, 9 F.3d 1492, 1501 (11th Cir. 1993); United States v. Easter, 981 F.2d 1549, 1555-56 (10th Cir. 1992), cert. denied, 113 S. Ct. 2448 (1993). Review for plain error is also unavailable because Lendt's assertions raise factual issues not only with respect to the government's motive for failing to bring a motion, but also whether Lendt in fact provided substantial assistance. See Easter, 981 F.2d at 1556.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.