980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Sean MURRY, also known as Cracker, Appellant.
 No. 92-2250.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1992.
Filed: November 18, 1992.
 
 Appeal from the United States District Court for the District of Nebraska.
 D.Neb.
 AFFIRMED.
 Before WOLLMAN, Circuit Judge, BRIGHT, and HENLEY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Sean Murry appeals the district court's[1] denial of his request for a downward departure based on his claim that, though he provided the government with substantial assistance, the government refused to file a departure motion pursuant to U.S.S.G. § 5K1.1. We affirm.
 
 
 2
 Pursuant to a plea agreement, Murry pleaded guilty to possessing cocaine base with intent to distribute it within 1000 feet of a public school. He also agreed to assist the government in the prosecution of others. In exchange, the government dismissed two other counts and promised to bring Murry's assistance to the attention of the sentencing court. The plea agreement also included the following provision:
 
 
 3
 Should you fully comply with all the terms of this agreement and the United States concludes that you have made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the United States shall file a motion with the sentencing court requesting that the court depart from the sentencing guidelines in its sentencing of you. Such motion will be made pursuant to 18 U.S.C. [§ ] 3553(e) and [U.S.S.G. § ] 5K1.1.
 
 
 4
 At sentencing, Murry argued that the district court should depart downward from the 63-to-78-month sentencing range because he had provided the government with substantial assistance by: revealing the name and California address of his crack supplier; making a controlled purchase of marijuana for the drug task force; and providing information about others involved in the drug trade in Lincoln. The government responded by stating that Murry had not given his supplier's California address and that the supplier had been arrested without Murry's assistance and had pleaded guilty to possession of cocaine base in state court. Therefore, Murry's assistance was not so substantial as to warrant a motion for a downward departure. Counsel for Murry urged the court to depart on the basis of Murry's assistance despite the government's refusal to move for the departure.
 
 
 5
 The district court observed that it had no authority to depart on the ground of substantial assistance absent a government motion or a showing that the government's refusal to so move was made in bad faith or in violation of the plea agreement. The court then determined that the government's refusal to move for departure was not made arbitrarily, in bad faith, or in violation of the plea agreement. Therefore, the court rejected Murry's request for a departure and sentenced him to sixty-three months in prison.
 
 
 6
 On appeal, Murry contends that (1) section 5K1.1 violates due process because it does not define "substantial assistance," and (2) the government's refusal to move for a downward departure violated the plea agreement and demonstrated bad faith. The government maintains that Murry waived these arguments by failing to raise them in the district court, or alternatively, that the arguments lack merit.
 
 
 7
 The government correctly points out that Murry did not raise in the district court either his constitutional argument or his claim that the government acted in bad faith and violated the plea agreement by refusing to move for a downward departure. We do not normally "reach legal questions that were not argued in the court below." United States v. Allmon, No. 91-2927EA, slip op. at 5 (8th Cir. Aug. 11, 1992); see United States v. Oransky, 908 F.2d 307, 309 (8th Cir. 1990) (declining to consider claim of prosecutorial bad faith on ground that it was not presented to district court); United States v. Patterson, 890 F.2d 69, 70 n.2 (8th Cir. 1989) (refusing to address vagueness challenge to U.S.S.G. § 3C1.1 for same reason). Murry provides no reason why we should deviate from our normal practice.
 
 
 8
 The record indicates that, in the district court, Murry argued that he was entitled to a downward departure on the ground that he had provided the government with substantial assistance. The Supreme Court recently held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Wade v. United States, 112 S. Ct. 1840, 1843-44 (1992). However, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Id. at 1844. In his brief, counsel for Murry makes a passing reference to the fact that Murry is black, and asserts that this case is one of the few in which the "all-white prosecutors have refused to file a 5K1.1 Motion." But such "generalized allegations of improper motive" are insufficient to merit relief absent a "substantial threshold showing." Wade, 112 S. Ct. at
 
 
 9
 1844. Murry did not even mention this as a possible basis for relief in the district court.
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska