**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Michael John GOOSSENS,
Defendant–Appellee.**

No. 95–5520.

United States Court of Appeals,
Fourth Circuit.

Argued March 6, 1996.

Decided May 28, 1996.

**698**

**ARGUED:** William Graham Otis, Senior Litigation Counsel, Alexandria, Virginia, for Appellant. Elizabeth Doyle Teare, Surovell, Jackson, Colten & Dugan, P.C., Fairfax, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Andrew G. McBride, Assistant United States Attorney, Vincent L. Gambale, Assistant United States Attorney, Alexandria, Virginia, for Appellant. William B. Reichhardt, Surovell, Jackson, Colten & Dugan, P.C., Fairfax, Virginia, for Appellee.

Before WIDENER and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

Vacated and remanded with instructions by published opinion. Judge WILKINS wrote the opinion, in which Judge WIDENER and Senior Judge CHAPMAN joined.

## OPINION

WILKINS, Circuit Judge:

Michael John Goossens pled guilty to one count of knowing possession of three or more materials depicting minors engaged in sexually explicit conduct. *See* 18 U.S.C.A. § 2252(a)(4)(B) (West Supp.1996). In imposing sentence, the district court departed downward from the applicable guideline range based on a finding that Goossens suffered from diminished mental capacity that contributed to his offense. *See* United States Sentencing Commission, *Guidelines Manual*, § 5K2.13, p.s. (Nov.1994). The Government appeals the sentence imposed, asserting that the district court erred in departing downward on this basis. *See* 18 U.S.C.A. § 3742(b)(3) (West Supp.1996). We agree. Consequently, we vacate the sentence imposed by the district court and remand for resentencing in accordance with this opinion.

## I.

Using his home computer and modem, Goossens accessed computer bulletin boards located outside Virginia that distributed computer files containing high quality visual images that may be displayed on a computer screen or printed onto paper. Goossens downloaded numerous files depicting child pornography from these databases onto his computer. Thereafter, he encrypted many of these files using a computer program prohibiting access without a password known only to him. Law enforcement authorities became aware of Goossens' activities after examining the records of a company operating one such bulletin board and obtained a

search warrant for his home, resulting in the seizure of myriad examples of child pornography on various mediums.

Soon afterward, Goossens entered a plea agreement under which he would admit his guilt for one count of possession of child pornography in violation of 18 U.S.C.A. § 2252(a)(4)(B) and agree to the entry of an order of forfeiture for specified property connected to the offense. The agreement also contemplated that Goossens would cooperate fully with an investigation of additional criminal activity by other individuals. In exchange, if Goossens' assistance to law enforcement efforts proved substantial in the Government's view, it would seek a downward departure from the applicable guideline range pursuant to U.S.S.G. § 5K1.1, p.s.

Goossens waived indictment and proceeded to enter his plea. As a condition upon his release from custody following the entry of his guilty plea, the district court ordered Goossens to cease his active cooperation in investigative operations. The result of this prohibition was that Goossens was unable to assist the Government personally or to participate in an operation planned by the United States Customs Service. The parties subsequently requested that the district court allow Goossens to resume his active cooperation with law enforcement officials. Admitting that he was motivated, at least in part, by a desire to qualify for a reduced sentence, Goossens communicated his willingness to assist the Government and his desire for an opportunity "to turn this large negative into a small positive." J.A. 44. The Government, in turn, maintained that the secretive and tightknit network surrounding the distribution of child pornography made investigation difficult absent the assistance of undercover operatives and that Goossens' cooperation presented a unique opportunity to penetrate these networks. Moreover, the Government expressed its concern with what it perceived to be a blanket policy of the district judge to routinely impose this prohibition as a condition of release, noting that it was "not aware of a single case on any fact pattern" in which the judge had permitted a defendant to actively cooperate while subject to any type of court-sponsored supervision. J.A. 41. Nev-

ertheless, the district court refused to lift the ban.

The presentence report calculated Goossens' base offense level to be 13. *See* U.S.S.G. § 2G2.4(a). Adjusting upward by two levels for possession of ten or more items of child pornography, *see* U.S.S.G. § 2G2.4(b)(2), and downward by two levels for his acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), the presentence report recommended that Goossens' adjusted offense level was also 13. Combined with a Criminal History Category I, his adjusted offense level rendered a guideline range of 12–18 months imprisonment. U.S.S.G. Ch. 5, Pt. A. The presentence report identified no mitigating or aggravating factors warranting departure from this range.

Although neither party objected to the proposed findings or calculations contained in the presentence report, Goossens' requested that the district court depart downward from the applicable guideline range. His sole reason for the request was that the order imposed by the district court prohibiting him from further participation in the undercover investigation prevented him from qualifying for a departure based on substantial assistance. This circumstance, he asserted, was not one that was considered adequately by the Sentencing Commission in formulating the guidelines.

Apparently viewing the motion as a request for a departure pursuant to § 5K1.1 based on substantial assistance, the district court declined to depart on the basis requested by Goossens. Expressing disapproval with the Government's decision not to request a § 5K1.1 departure—because in the district judge's view the defendant had complied fully with the plea agreement—the court noted that, absent a request by the Government, a departure on that ground was not authorized.

■ Then, with no advance notice to the Government and with no request from Goossens, the district court announced its sua sponte decision to depart downward pursuant to U.S.S.G. § 5K2.13, p.s. on the basis of diminished mental capacity. Supporting its departure decision in large part with a report submitted by a psychologist Goossens

had retained, the court explained that Goossens had been diagnosed as suffering from an anxiety disorder and "from some maladapted strategies that have never been addressed before." J.A. 99. The court reasoned that the departure was appropriate because the report had concluded "that this conduct is a result of some deep-seated, long-term, psychological problems" and because "[t]here is no question that this conduct is deviant behavior." J.A. 94. And, it further found that Goossens had no prior record, had not committed a violent crime, was gainfully employed in a lucrative position with a prominent company, posed no threat to the community, and was not a pedophile. Noting that the imposition of a period of incarceration likely would result in Goossens losing his employment and his home, as well as preventing him from paying a fine, the district court imposed a sentence of three years supervised probation, the first six months of which were to be served under house arrest with electronic monitoring. The Government appeals.[1]

## II.

■ The Government maintains that the district court erred in departing downward pursuant to U.S.S.G. § 5K2.13, p.s. on the basis of diminished mental capacity. In reviewing a sentence imposed pursuant to a departure from the applicable guideline range, we apply well-established principles. *See, e.g., United States v. Hummer*, 916 F.2d 186, 192 (4th Cir.1990) (reviewing sentence above guideline imprisonment range), *cert. denied*, 499 U.S. 970, 111 S.Ct. 1608, 113 L.Ed.2d 670 (1991); *United States v. Summers*, 893 F.2d 63, 66 (4th Cir.1990) (reviewing sentence below guideline imprisonment range). We first examine de novo the statement of reasons offered by the district court

to determine whether it identified a factor not adequately considered by the Sentencing Commission in formulating the applicable guideline range. We then review the sufficiency of the evidence to support the stated factor under a clearly erroneous standard. Next, we consider whether the district court abused its discretion in determining that the factor is sufficiently important such that a sentence outside the guideline range should result and that the extent of departure is reasonable. *Hummer*, 916 F.2d at 192.

Section 5K2.13, p.s. provides:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

Since the Sentencing Commission identified diminished mental capacity as an appropriate basis for departure, this ground satisfies the first step in our inquiry. *See United States v. Glick*, 946 F.2d 335, 338 (4th Cir.1991).

■ We turn, then, to review for clear error the factual findings of the district court supporting the diminished mental capacity departure. The Government argues that the findings by the sentencing court that Goossens was suffering from a significantly reduced mental capacity and that this reduced mental capacity contributed to the offense were clearly erroneous.[2]

■ In assessing the meaning to be accorded to the § 5K2.13, p.s. requirement that a defendant's mental capacity be "significantly reduced," we recognize that the Sentencing Commission has concluded that a de-

---

**1.** The Government first asserts that the district court erred in departing without furnishing notice of its intention to do so. This position clearly is correct. When neither the presentence report nor the parties' prehearing submissions identify a given basis for departure, a district court must provide the parties with notice before departing on that basis. *Burns v. United States*, 501 U.S. 129, 138–39, 111 S.Ct. 2182, 2187–88, 115 L.Ed.2d 123 (1991); *United States v. Maddox*, 48 F.3d 791, 799 (4th Cir.1995).

**2.** The Government does not challenge the findings of the district court that Goossens' offense was nonviolent, that any diminished capacity he suffered did not result from the voluntary consumption of drugs, or that his criminal history did not indicate that incarceration was needed to protect the public.

fendant's mental or emotional condition is "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.3, p.s. Judged against this background, we agree with the other courts of appeals that have addressed this issue that in order for a defendant's mental condition to be considered "a significantly reduced mental capacity" within the meaning of § 5K2.13, p.s., the defendant must have been unable to process information or to reason. *See United States v. Johnson,* 979 F.2d 396, 400–01 (6th Cir.1992); *see also United States v. Cantu,* 12 F.3d 1506, 1512–13 (9th Cir. 1993) ("In everyday language, 'reduced mental capacity' refers to a lack of full intellectual functioning.... [It] comprehends both organic dysfunction and behavioral disturbances that impair the formations of reasoned judgments."); *United States v. Hamilton,* 949 F.2d 190, 193 (6th Cir.1991) (per curiam) (noting that a defendant who "was able to absorb information in the usual way and to exercise the power of reason" was not suffering from diminished mental capacity); *United States v. Philibert,* 947 F.2d 1467, 1471–72 (11th Cir.1991) (holding evidence that defendant "suffer[ed] from severe mental illness, including paranoid delusions" was sufficient to permit departure based on diminished mental capacity).

The present record provides no evidence to support a conclusion that Goossens' ability to process information or to reason was substantially impaired. Instead, all of the evidence before the district court indicated that Goossens "displayed considerable mental agility in his professional and personal affairs, both legal and illicit." *Johnson,* 979 F.2d at 401. The psychological report, on which the district court wholly relied, diagnosed Goossens as suffering from an Axis I "Dysthymic Disorder" (*i.e.,* anxiety) and a "Generalized Anxiety Disorder." J.A. 80. It described Goossens as:

> a man of above average intellectual capacity, with no signs of psychosis or gross organic dysfunction. However, there are signs that he is suffering from an emotional disorder at this time. This disorder is negatively effecting [sic] the way he feels, thinks, relates, and behaves towards the

world about him. These maladaptive strategies result from repetitive negative reinforcing experiences to which this man has been exposed. As such, they narrow his available repertoire of responses to particular behavioral strategies which have become controlling. The result of this maladaptive approach to life is that he perpetuates existing dilemmas, provokes new predicaments, and sets into motion self-defeating sequences with others.

J.A. 77. This report nowhere concludes that Goossens' problems "impair[ed] the formation of reasoned judgments," *Cantu,* 12 F.3d at 1513, or prevented him from processing information when he committed the offenses, *see Johnson,* 979 F.2d at 401. *Cf. United States v. Webb,* 49 F.3d 636, 639 (10th Cir.) (psychiatric reports documenting history of psychiatric problems, including dysthymia, did "not address or lead to the conclusion that defendant suffered from significantly reduced mental capacity") (internal quotation marks omitted), *cert. denied,* —— U.S. ——, 116 S.Ct. 121, 133 L.Ed.2d 71 (1995); *United States v. Gentry,* 925 F.2d 186, 188 (7th Cir.1991) (psychiatric testimony that defendant suffered from emotional problems but not mental illness did not support departure for diminished mental capacity).

Further, all of the other information concerning Goossens that was presented to the district court indicates a high level of mental functioning on his part. For example, Goossens was employed in a responsible position and was conscious enough of the illegality of his conduct to encrypt the pornographic material on his computer to avoid detection. *Cf. United States v. Sammoury,* 74 F.3d 1341, 1346 (D.C.Cir.1996) (concluding evidence that defendant's offense required extensive planning and that defendant had exercised sound judgment in other matters was sufficient to support finding by district court that defendant did not suffer from a reduced mental capacity); *Johnson,* 979 F.2d at 401 (reversing diminished mental capacity departure in part on the basis that defendant, who was a bank vice president, demonstrated mental agility in professional affairs).

Moreover, even if Goossens suffered from diminished mental capacity, no evidence supports a conclusion that it contributed in any degree to the commission of the offense. At no point did the psychiatric report attribute *any* causative connection between the emotional problems it diagnosed and the offense to which Goossens admitted guilt. *See Glick,* 946 F.2d at 339 ("Diminished capacity need not be the sole cause of the offense to justify a departure, but should 'comprise[ ] a contributing factor in the commission of the offense.'") (alteration in original) (quoting *United States v. Ruklick,* 919 F.2d 95, 97–98 (8th Cir.1990)).

In sum, the record does not support the finding of the district court that Goossens suffered from a significantly reduced mental capacity that contributed to his offense. Accordingly, we conclude that the district court erred in departing downward from the applicable guideline range on that basis.

### III.

█ Goossens argues that if the departure was erroneously granted on the basis of diminished mental capacity, we should nevertheless affirm the sentence because the district court erred in refusing to depart on the basis set forth in his motion seeking a downward departure—namely, that the order of the district court prohibiting his active cooperation with law enforcement officials, and depriving him of the opportunity to qualify for a substantial assistance departure, was not a factor that was considered adequately by the Sentencing Commission in formulating the guidelines and, therefore, was an appropriate basis for a departure pursuant to U.S.S.G. § 5K2.0. Of course, since the district court denied Goossens' request to depart on this ground, we cannot conclude that the district court would have imposed the same sentence on this ground had it recognized that a departure on the basis of diminished mental capacity was not authorized. Under these circumstances, Goossens' sentence may not be affirmed because it was imposed in violation of law. *See* 18 U.S.C.A. § 3742(f) (West Supp.1996); *cf. Williams v. United States,* 503 U.S. 193, 202–03, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992) (holding that when an appellate court concludes that one basis for departure is unlawful, it must vacate and remand for resentencing under § 3742(f) unless it determines that the district court would have imposed the same sentence on a legitimate basis). Nevertheless, for the benefit of the court on remand, we address the prohibition on Goossens' active cooperation with law enforcement authorities and the appropriateness of departing downward from the properly calculated guideline range on the basis of this prohibition.

The authority of a district court to release a defendant following his conviction and prior to imposition or execution of sentence is governed by 18 U.S.C.A. § 3143 (West Supp. 1996). This statute delineates the circumstances under which a district court properly may permit the release of a person during this period. Generally speaking, an individual must be detained following conviction unless a "judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."[3] 18 U.S.C.A. § 3143(a)(1). Such a finding permits the release of the convicted individual subject to conditions imposed by the district court. Section 3142(c) prescribes the conditions upon release that a judicial officer may impose if it finds that they are necessary to "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.A. § 3142(c)(1)(B) (West Supp.1996). This statutory provision specifies a number of conditions—*e.g.,* requirements that the defendant maintain employment or seek psychiatric treatment—and also sets forth a general provision supplying discretion to the

**3.** Section 3143(a)(2) requires that persons convicted of offenses specified in § 3142(f)(1)(A)–(C) be detained unless the court makes the same finding and concludes that either "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or the Government's attorney recommends that the individual not receive a sentence of imprisonment. And, individuals for whom no term of imprisonment will be recommended by the applicable guideline need not be detained. *See* 18 U.S.C.A. § 3143(a)(1).

judicial officer to impose "any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." *Id.*

Following Goossens' plea of guilty, the district court authorized his release on a personal recognizance bond, subject to delineated terms and conditions. After imposing a number of standard conditions, the district court stated:

> Now, one thing, in terms of whether the defendant is doing any cooperation or not, certainly testimonial cooperation and debriefing is valuable and will certainly be looked at.
>
> I don't permit defendants who are on bond under Court control to be actively out on the street working or making contacts or doing anything like that.
>
> I mean, anyone who's engaged in illegal activity, this defendant should have nothing to do with them in any capacity. I'm sure everybody understands that's the way we are going to work this.
>
> I assume if there has been anything like that going on, it's been completed. I don't want to hear any more about it than that.

Transcript of Plea Proceedings in *United States v. Goossens,* No. 95–102–A (Mar. 3, 1995), at 30–31. Although the district court did not attempt to justify the imposition of the condition at that time, in denying the parties' joint request that the prohibition be lifted so that Goossens could continue to cooperate, it reasoned that "any continued involvement of this defendant with the pornography world will be counterproductive to his ultimate rehabilitation." J.A. 37. Responding to the argument that the imposition of the prohibition on active cooperation would deprive Goossens of the opportunity to qualify for a § 5K1.1 motion for a downward departure based upon substantial assistance, the district court opined:

> This is an artificial argument arising from a very rigid policy of the prosecutor's office which fails to credit defendants for good faith testimonial cooperation. By insisting that defendants do more than submit to debriefings, grand jury testimony and trial testimony in order to qualify for a U.S.S.G. § 5K1.1 or [Federal Rule of Criminal Procedure] 35(b) motion, the prosecutor's office creates the dilemma in which this defendant finds himself.

J.A. 37–38. Expanding on its reasoning for the prohibition at the sentencing hearing, the district court indicated a belief that it was inappropriate to place the imprimatur of court approval on a criminal investigation and that a defendant's active cooperation increased the difficulties associated with monitoring the defendant's conduct and with completing the presentence investigation. Moreover, while denying that it had an absolute blanket policy of imposing this prohibition, it noted that it had a "strong policy" in favor of its imposition in all cases and was able to point to only one instance in which it had elected not to prohibit a defendant from active cooperation with law enforcement authorities. J.A. 88–92. With respect to Goossens participation, the court again referenced the opinion that it was in his best interest to begin the rehabilitation process and that this interest was not overridden by an overwhelming need on the part of the Government for the cooperation.

The district court committed a clear abuse of discretion by imposing the prohibition on cooperation with law enforcement officials as a condition of Goossens' release. Although we have difficulty imagining factual circumstances in which the imposition of such a condition might be appropriate, we do not foreclose the possibility that such a condition might in some extraordinary circumstances properly be imposed by a district court when truly necessary to assure a defendant's appearance or to protect the public safety. There is no genuine argument, however, that the condition was necessary in this instance. Indeed, the district court did not even attempt to justify its imposition on this basis. Instead, the court based its decision on its view of what would best benefit the rehabilitation of the defendant, a factor that is conspicuously absent among those specified in § 3142(c)(1)(B).

Furthermore, in so doing, the district court improperly frustrated Goossens' desire to cooperate in order to qualify for more

favorable sentencing treatment and the Government's legitimate hope that he would aid in law enforcement authorities' investigative efforts. *See United States v. Vargas,* 925 F.2d 1260, 1265 (10th Cir.1991) (holding that "inflexible practice" by district court of refusing to permit criminal defendants to cooperate was error); *United States v. French,* 900 F.2d 1300, 1302 (8th Cir.1990) (same). Both Congress and the Sentencing Commission have recognized the importance of defendants' cooperation with law enforcement by establishing provisions affording defendants with the potential to qualify for more lenient sentencing for federal criminal offenses if they provide substantial assistance to law enforcement authorities in investigating or prosecuting other criminal offenders. *See* 18 U.S.C.A. § 3553(e) (West Supp.1996); 28 U.S.C.A. § 994(n) (West 1993); U.S.S.G. § 5K1.1; Fed.R.Crim.P. 35(b). And, the broad discretion to determine whether to move for a downward departure based on substantial assistance has been vested in the Government, subject only to constitutional or self-imposed restraints. *See Wade v. United States,* 504 U.S. 181, 184–86, 112 S.Ct. 1840, 1843–44, 118 L.Ed.2d 524 (1992). We categorically reject the conclusion of the district court that the Government somehow created the dilemma in which Goossens was placed. Rather, the problem unquestionably arose from the insistence of the district court in imposing itself in matters that are not properly within its province—apart from an extraordinarily rare situation in which such a condition legitimately might be considered necessary to assure the defendant's appearance before the court or the safety of the community. That said, we turn to consider whether, given the error in imposing the prohibition on Goossens' active cooperation, the district court erred in its consideration of his request for a downward departure on that basis.

■ When a district court recognizes that it possesses the authority to depart, its refusal to do so is not appealable. *United States v. Bayerle,* 898 F.2d 28, 30–31 (4th Cir.), *cert. denied,* 498 U.S. 819, 111 S.Ct. 65, 112

L.Ed.2d 39 (1990). But, the record discloses unmistakably that the sentencing court did not consider and decline to depart on the actual basis suggested by Goossens for the departure. Goossens recognized that he was not entitled to a departure based on substantial assistance because the Government had not filed a motion requesting a departure on that ground. Rather, Goossens requested that the district court recognize that the Sentencing Commission had not considered a situation in which a district court would affirmatively prohibit a defendant from voluntarily engaging in conduct through which he would seek to qualify for a departure based on substantial assistance.

We agree that the Sentencing Commission did not consider the possibility that a district court might affirmatively prohibit a defendant from cooperating with law enforcement authorities in an effort to qualify for a departure based upon substantial assistance. And, it is undisputed that Goossens was so prohibited by the district court in this instance. Accordingly, we conclude that on remand the district court should determine whether, under the circumstances of this case, this factor is sufficiently important such that a sentence outside the guideline range should result. In weighing whether the facts presented by situations such as this[4] warrant a sentence outside the guideline range, a court should consider whether a defendant's cooperation likely would have been such that the Government would have moved for a departure based upon substantial assistance had the defendant's cooperation not been foreclosed improperly. Further, if the district court determines that a sentence outside the guideline range is appropriate, it must also determine the appropriate extent of the departure.

*VACATED AND REMANDED WITH INSTRUCTIONS*

---

**4.** Here, Goossens agreed to cooperate fully with law enforcement authorities, was in fact fully cooperating, and this cooperation was interrupted by the unjustified action of the district court against the express objection of both Goossens and the Government.