**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 95-5663

GEORGE BUNNY, IV, a/k/a Georgie,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-30135)

Submitted: June 3, 1997

Decided: July 10, 1997

Before HALL, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Martin P. Sheehan, SHEEHAN & NUGENT, P.L.L.C., Wheeling,
West Virginia, for Appellant. William D. Wilmoth, United States
Attorney, Paul T. Camilletti, Assistant United States Attorney, Whee-
ling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

George Bunny pleaded guilty to one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994). Following a Fed. R. Crim. P. 11 hearing, the court accepted Bunny's plea and deferred adjudging Bunny guilty until the time of sentencing. In May 1995, Bunny offered to become involved in a police operation in an effort to earn a Government sponsored departure for substantial assistance under United States Sentencing Guidelines Manual, § 5K1.1, p.s. (1995). The Government moved the district court to amend bond conditions seeking to permit Bunny to carry a weapon so that he could work in an undercover capacity with the Bureau of Alcohol, Tobacco and Firearms. The district court denied the motion. Sentencing took place in August 1995, at which time Bunny was sentenced to eighty-seven months in prison followed by three years of supervised release and a special assessment fee of $50. Bunny appeals his sentence.

Bunny's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The only issues for which he provided any factual support or substantive arguments were whether the district court erred in denying a continuance and whether it is error to differentiate between crack and powder cocaine for sentencing purposes. Following the filing of his Anders brief, Bunny filed a motion to amend the brief in light of United States v. Goossens, 84 F.3d 697 (4th Cir. 1996). In that brief, he contended that the district court precluded him from engaging in substantial assistance by refusing to modify his release conditions. He requested resentencing.

Bunny's counsel first raises the issue of whether the district court erred in denying a continuance of the sentencing hearing in anticipation that Congress would amend the sentencing guidelines to reduce or eliminate the disparity between powder cocaine and cocaine base for sentencing purposes. Congress did not take such action. See United States v. Hayden, 85 F.3d 153, 157-58 (4th Cir. 1996). Therefore, this issue is meritless.

Bunny's counsel next raises the issue that there is no chemical difference between powder cocaine and cocaine base, and that such dif-

2

ferentiation is unjust. As we have previously held, this issue is meritless. See United States v. Fisher, 58 F.3d 96, 99 (4th Cir. 1995).

Finally, Bunny's counsel requests resentencing in light of Goossens. In Goossens, the defendant pleaded guilty to child pornography offenses and agreed to cooperate with an investigation of criminal activity by others in exchange for a USSG § 5K1.1 departure for substantial assistance. Goossens, 84 F.3d at 699. Upon his release, prior to sentencing, the district court ordered the defendant to cease his active cooperation in investigative operations. Id. At sentencing the government did not file a § 5K1.1 motion and Goossens asked for a downward departure on the ground that the district court's prohibition was not taken into consideration by the Sentencing Commission. This Court held that the district court committed a clear abuse of discretion by imposing the prohibition on cooperation with law enforcement as a condition of Goossens' release. Further, this Court held that the district court improperly imposed itself in matters not within its province because it went beyond the standard conditions permitted under 18 U.S.C.A. § 3142 (West Supp. 1997).

After reviewing Bunny's case in light of Goossens, we find that Bunny's claim is without merit. Under 18 U.S.C.A. § 3142(c)(1)(B)(viii), the district court is permitted to prohibit a defendant from possessing a weapon. In Bunny's case, the district court properly denied the removal of that condition and did not prohibit per se Bunny's efforts to cooperate with the Government. We therefore affirm Bunny's sentence.

In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED