UNITED STATES of America

v.

Theresa JANUSZ.

No. 97–0254.

United States District Court,
D. Maryland.

Nov. 24, 1997.

Lynne A. Battaglia, U.S. Attorney for the District of Maryland, Susan M. Ringler, Assistant U.S. Attorney, Baltimore, MD, for U.S.

Andrew J. Graham, Baltimore, MD, for Theresa Janusz.

### SENTENCING MEMORANDUM AND ORDER

MALETZ, Senior Judge.[1]

I. *Guideline Application*

Theresa Janusz has pleaded guilty to bank embezzlement in violation of 18 U.S.C. § 656. The appropriate guideline is USSG § 2B1.1, covering larceny, embezzlement, and other forms of theft. Under USSG § 2B1.1, Ms. Janusz's base offense level is 4; 7 levels are added because the loss exceeded $40,000; 2 levels are added because the offense involved more than minimal planning; for an adjusted offense level of 13. Ms. Janusz qualifies for a two-level downward adjustment for acceptance of responsibility under USSG § 3E1.1. Thus, her offense level is 11. Her criminal history category is I based on zero criminal history points. The applicable guideline range is 8–14 months of imprisonment, which falls within Zone C of the Sentencing Table. Therefore, the minimum term may be satisfied by (1) a sentence of imprisonment; or (2)

1. Of the United States Court of International Trade, sitting by designation.

a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment. *See* USSG § 5C1.1(d)(1), (2).

## II. *Downward Departure*

Ms. Janusz seeks a downward departure from the applicable guideline range based on 1) diminished mental capacity and 2) exceptional acceptance of responsibility.

 First, she requests a downward departure under USSG § 5K2.13, p.s. on the ground that her diminished mental capacity contributed to her commission of the offense. Section 5K2.13, p.s. provides:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

To qualify for a departure under § 5K2.13, p.s., the defendant must be suffering from something more than "emotional problems." *United States v. Withers*, 100 F.3d 1142, 1147–48 (4th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1282, 137 L.Ed.2d 358 (1997). Rather, the defendant must show an inability "to process information or to reason." *Withers*, 100 F.3d at 1148; *see United States v. Goossens*, 84 F.3d 697, 701 (4th Cir.1996); *see also United States v. Hamilton*, 949 F.2d 190, 193 (6th Cir.1991) (a defendant who "was able to absorb information in the usual way and to exercise the power of reason" did not suffer from diminished mental capacity).

Ms. Janusz has submitted letters from a psychiatrist, a psychologist, and a therapist. The psychiatrist diagnosed her as suffering from major depression, anxiety reaction, and impulse control disorder. He states that her depression "was severe enough to have caused a change in her normal impulse control and judgment." In his opinion, her mental state "was a causative factor in her ac-

tions" and "contributed to a change of her normal behavior."

Ms. Janusz has not provided any evidence that her depression affected her ability to reason or process information. The psychiatrist's letter nowhere states that she was unable "to exercise the power of reason," *Hamilton*, 949 F.2d at 193, or that she "lack[ed] full intellectual functioning." *United States v. Cantu*, 12 F.3d 1506, 1512–13 (9th Cir.1993). The evidence shows that Ms. Janusz was capable of orchestrating an embezzlement scheme that escaped detection for a number of years. In the court's view, she was able to process information at a "high level of mental functioning." *Goossens*, 84 F.3d at 701. For these reasons, the court holds that Ms. Janusz is not entitled to a diminished capacity departure.

 Ms. Janusz next requests a downward departure under USSG § 5K2.0 on the grounds that her acceptance of responsibility is "extraordinary" and consequently falls outside the heartland of cases to which USSG § 3E1.1 applies. The Fourth Circuit has recently recognized the authority of a sentencing court to depart on this basis. *United States v. Brock*, 108 F.3d 31 (4th Cir.1997); *United States v. Hairston*, 96 F.3d 102 (4th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 956, 136 L.Ed.2d 843 (1997). In *Brock*, the Fourth Circuit explained that "if a factor is neither encouraged nor discouraged, but listed by the Commission as one appropriately considered in applying an adjustment to the guidelines, a court may depart only if the factor is present to such an exceptional or extraordinary degree that it removes the case from the heartland of situations to which the guideline was fashioned to apply." *Brock*, 108 F.3d at 35. Thus, acceptance of responsibility, although taken into account in applying the adjustment under USSG § 3E1.1, can provide a basis for a departure when present to such an exceptional degree that it cannot be characterized as typical. *Accord United States v. Rogers*, 972 F.2d 489, 493 (2d Cir.1992); *United States v. Lieberman*, 971 F.2d 989, 996 (3d Cir.1992).

Here, Ms. Janusz's acceptance of responsibility is exceptional enough to take it out of the heartland of situations addressed by

USSG § 3E1.1. Ms. Janusz did not merely enter a plea of guilty and truthfully admit the conduct comprising the offense of conviction. Ms. Janusz voluntarily resigned from her job shortly after being confronted with the improper transactions. She voluntarily provided all of the details of her embezzlement scheme to bank officials and the FBI. She voluntarily made full restitution, with interest, within 30 days after the embezzlement scheme was uncovered. She did so without negotiating for an alternative, smaller repayment or objecting to the bank's calculations in any respect. *Cf. Hairston*, 96 F.3d at 109 (repayment of less than half of the money stolen, after defendant had been criminally indicted, and in the hope of receiving a reduced sentence, was not "exceptional" and thus did not merit downward departure for extraordinary acceptance of responsibility). Most importantly, Ms. Janusz voluntarily undertook intensive counseling and rehabilitative therapy. *See Brock*, 108 F.3d at 35. She has spent countless hours discussing her conduct, her thought processes, her patterns of behavior, and her ethical sensibilities. This therapy continues today. In the court's view, Ms. Janusz has shown sincere remorse and demonstrated a degree of acceptance of responsibility that is substantially in excess of that ordinarily present.

The court concludes, in light of the exceptional circumstances presented here, that the two-level reduction in USSG § 3E1.1 inadequately addresses Ms. Janusz's acceptance of responsibility. Accordingly, the court will grant Ms. Janusz a one-level downward departure from the applicable guideline range.

The court notes that there is nothing extraordinary or unusual about Ms. Janusz's family responsibilities. Thus, a decision to depart on that basis would be improper. *See* USSG § 5H1.6, p.s. ("[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range."). *See, e.g., United States v. Brand*, 907 F.2d 31, 33–34 (4th Cir.), *cert. denied*, 498 U.S. 1014, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990) (holding that the separation of a mother, who was the sole custodial parent, from her two children, was not extraordinary).

Likewise, while Ms. Janusz's community service record is commendable, it is not so "extraordinary" to warrant departure. *See* USSG § 5H1.11, p.s. ("civic, charitable, or public service; employment-related contributions and similar prior good works," not ordinarily relevant in determining whether to depart). *Cf. United States v. McHan*, 920 F.2d 244, 248 (4th Cir.1990) (criticizing suggestion that defendants "need only write out a few checks to charities and then indignantly demand" sentencing reductions, and further noting that the "very idea of such purchases of lower sentences is unsavory").

### III. *Conclusion*

The net effect of the one-level downward departure for extraordinary acceptance of responsibility is to reduce Ms. Janusz's guideline range from 8–14 months of imprisonment (offense level 11; criminal history category I) to 6–12 months of imprisonment (offense level 10; criminal history category I).

The guideline range of 6–12 months of imprisonment falls within Zone B of the Sentencing Table. Therefore, the minimum term may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment. USSG § 5C1.1(c)(1)-(3). Here, however, a sentence of probation is prohibited by statute given that the offense of conviction is a Class B felony. *See* 18 U.S.C. § 3561(a)(1). Accordingly, the sentencing option provided in subsection (c)(3) of 5C1.1 is not available to the court.

The guidelines require the inclusion of a term of supervised release when the court imposes a sentence of imprisonment of more than one year. USSG § 5D1.1(a). In any other case, the court has discretion to order a term of supervised release. USSG § 5D1.1(b). If the court chooses to include a

**332**

term of supervised release, the guidelines require that the term be at least three but not more than five years for a defendant convicted of a Class B felony. *See* USSG § 5D1.2(a)(1).

The applicable fine guideline range is $2,000—$1,000,000. *See* USSG § 5E1.2. A $50 special assessment is mandatory. 18 U.S.C. § 3013.

In determining the particular sentence to be imposed within the guideline range, the court must necessarily consider the serious nature of the offense and the circumstance that Ms. Janusz engaged in her scheme for a number of years, embezzling close to $70,000 from her employer. The court also must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a). To this end, the court notes that it recently imposed a three year term of imprisonment on a defendant who pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344. *United States v. Bramble,* No. K–97–0062 (D.Md. May 23, 1997). Ms. Bramble embezzled approximately $225,000 over a period of five years. Like Ms. Janusz, Ms. Bramble had no criminal record.

Considering all of the sentencing factors, the court hereby imposes (1) 4 months of imprisonment and (2) a three year term of supervised release with a condition requiring home detention for 6 months as an alternative to incarceration. The court finds that Ms. Janusz poses a "low risk of future substance abuse" and suspends drug testing as a condition of supervised release. *See* 18 U.S.C. § 3583(d). The court is not persuaded that Ms. Janusz has established that she is unable to pay and is not likely to become able to pay any fine. The court finds, however, that imposition of a fine within the applicable guideline range would unduly burden her dependents. This circumstance, taken together with Ms. Janusz's full restitution, convinces the court to impose a lesser fine. The court imposes a $500 fine, payable in monthly installments of $50 as a condition of supervised release. Lastly, the court impos-

es the mandatory $50 special assessment under 18 U.S.C. § 3013.