**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4915

KERVIN O'KEITH WASHINGTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-96-7-2)

Submitted: October 31, 1997

Decided: January 15, 1998

Before ERVIN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated, and remanded by unpublished per curiam
opinion.

_____

**COUNSEL**

Gregory A. Elam, Elkins, West Virginia, for Appellant. William D.
Wilmoth, United States Attorney, Sherry L. Muncy, Assistant United
States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kervin O'Keith Washington pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1997), and received a sentence of 120 months imprisonment. He appeals his sentence, arguing that the district court clearly erred in denying him an adjustment for acceptance of responsibility. See U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (1995). He also contends that the district court failed to recognize its authority to depart downward for lesser harms, USSG § 5K2.11, p.s., and erred in refusing to modify his bond conditions to permit him to cooperate with the government in a drug investigation. Finally, Washington maintains that his sentence violates the Eighth Amendment. We affirm in part, but vacate the sentence and remand for resentencing.

Washington admitted pawning the .25 caliber pistol which he was charged with possessing. However, he gave conflicting accounts of who owned the firearm. He also incurred a new charge of driving on a suspended license while free on bond before he was sentenced, and he tested positive for cocaine use on three occasions. The district court may consider new criminal conduct, even when it is unrelated to the offense of conviction, in determining the sincerity of the defendant's acceptance of responsibility. See United States v. Ceccarani, 98 F.3d 126, 129-30 (3d Cir. 1996) (post-offense conduct can shed significant light on sincerity of defendant's claimed remorse), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-7616); United States v. Byrd, 76 F.3d 194, 197 (8th Cir. 1996); United States v. McDonald, 22 F.3d 139, 142-44 (7th Cir. 1994); United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3255 (U.S. Oct. 6, 1997) (No. 96-2025); United States v. O'Neil, 936 F.2d 599, 600-01 (1st Cir. 1991); United States v. Watkins, 911 F.2d 983, 985 (5th Cir. 1990); but see United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir. 1993) (new unre-

2

lated criminal conduct should not be considered). We are persuaded by the weight of authority and find that the court did not clearly err here.

Next, Washington contends that the district court mistakenly believed that it lacked authority to depart on the ground that he pawned the pistol to buy food for his family. Our review is de novo. See United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). A departure is encouraged under the guidelines when the sentencing court finds that the defendant committed the crime in order to avoid a perceived greater harm, see USSG § 5K2.11, and the court was well aware of this fact. Washington bases his argument on the court's statement that, although his offense was not the violent kind that Congress may have had in mind, it was "within the four corners of the congressional statute and the Court must be bound by that." The court went on to add that, because of the nature of the offense, it would not upwardly depart pursuant to USSG § 4A1.3, p.s., as the probation officer recommended. However, because of Washington's background and criminal history, the court found that a downward departure was not appropriate. We find that the court was aware of its authority to depart for lesser harms and properly exercised its authority not to depart.

Washington also argues that the district court erred when it refused to modify his bond conditions to permit him to associate with drug traffickers so that he could cooperate with the government in a drug investigation, thus precluding him from earning a downward departure for substantial assistance under USSG § 5K1.1. He relies on United States v. Goossens, 84 F.3d 697, 703 (4th Cir. 1996), in which this court found that the district court abused its discretion when it prohibited the defendant from cooperating with authorities as a condition of bond and refused to consider his request for a downward departure on that basis under USSG § 5K2.0.

Here, too, the government moved for modification of Washington's bond to enable the government to gain evidence about drug dealing in a remote area where the government had been unsuccessful. Washington's case differs from Goossens because Washington did not request a downward departure on the ground that he had been prevented from cooperating. However, Washington preserved his objec-

3

tion to the court's denial of the government's first request for amendment of the bond conditions by joining in the government's request for reconsideration of that order.

To insure a defendant's appearance as required or to protect the public safety, the district court has statutory authority to prohibit a defendant who has been released pending trial to abide by restrictions on personal associations, as the court did here. See 18 U.S.C.A. § 3142(c)(1)(B)(iv) (West Supp. 1997). A prohibition on a defendant's cooperation with law enforcement officials is not appropriate absent extraordinary circumstances which make such a condition "truly necessary to assure a defendant's appearance or protect the public safety." Goossens, 84 F.3d at 703. In Goossens, the court prohibited the defendant from making contact with others involved in illegal activity out of a belief that cooperation of this kind would retard the defendant's rehabilitation. In so doing, the court "impose[d] itself in matters that are not properly within its province." Goossens, 84 F.3d at 704.

In Washington's case, the court did not explain the basis for its decision to deny the government's motion for amendment of bond conditions. However, in both cases, the effect was the same. Like the defendant in Goossens, Washington was prevented from cooperating in the only manner in which he could assist the government and earn a substantial assistance departure. Under Goossens, the court abused its discretion unless its decision was grounded in some extraordinary circumstance which is not apparent from the record. Consequently, we vacate the sentence and remand for further proceedings. On remand, the district court should consider whether a departure is warranted because Washington was prohibited by the court from cooperating with law enforcement authorities. The inquiry should be "whether [the] defendant's cooperation likely would have been such that the Government would have moved for a departure based upon substantial assistance had the defendant's cooperation not been foreclosed improperly." Id.

Last, Washington argues that the sentence imposed was disproportionate to his offense and thus violates the Eighth Amendment. Because Washington will be resentenced, we need not reach this issue. However, we note that extensive proportionality review is not

4

appropriate for sentences of less than life without possibility of parole. See United States v. D'Anjou, 16 F.3d 604, 613 (4th Cir. 1994). Washington's ten-year sentence (the statutory maximum) was within his guideline range and was not disproportionate to the crime.

We therefore affirm the district court's findings in part but vacate the sentence and remand for resentencing in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED, AND REMANDED

5