**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-4525

LIONEL HAMPTON, a/k/a Train,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                     No. 97-4526
DESHONAL HAMPTON, a/k/a Desinal,
a/k/a Mickey,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-97-10)

Submitted: April 21, 1998

Decided: July 24, 1998

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Charleston, West Virginia; John J. Pizzuti, Wheeling, West Virginia, for Appellants. William D. Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lionel Hampton and his brother, Desinal Hampton, **1** pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994). Lionel was sentenced to a term of 135 months imprisonment. Desinal received a 110-month sentence. Both appeal their sentences on the ground that the district court abused its discretion in denying a continuance of sentencing and an extension of modified bond conditions to permit them to continue their cooperation in the hope of earning a substantial assistance departure under USSG § 5K1.1, p.s.**2** Lionel also alleges that the district court clearly erred in finding that he was a manager or supervisor in the offense, see USSG § 3B1.1(b), and in assessing him one criminal history point for a fine, see USSG § 4A1.1(c). Desinal has requested leave to file a pro se supplemental brief in which he claims that the district court committed plain error in sentencing him based on the amount of crack stipulated in his plea agreement. We grant leave to file the supplemental brief and affirm both sentences.

_____

**1** This Appellant was charged under the name "Deshonal Hampton," but it appears from the record that his true name is"Desinal." We will therefore refer to him as "Desinal."
**2** **U.S. Sentencing Guidelines Manual** (1995). The Hamptons were sentenced in June 1997.

2

At their joint guilty plea hearing on March 31, 1997, the Hamptons requested that their bond conditions be relaxed to allow them to make controlled purchases of drugs in cooperation with a drug task force agent in Morgantown, West Virginia. The district court granted the motion for a sixty-day period ending May 31, 1997. During this time, the Hamptons attempted to make controlled drug buys in Morgantown without success.

On June 12, 1997, the Hamptons moved to continue their sentencing hearings, scheduled for June 23 and June 30, to an unspecified date and to extend their modified bond conditions to allow them additional time for cooperation. However, in an order filed June 17, 1997, the district court denied the motions, finding them untimely and vague concerning the amount of additional time needed, what specific investigations were to be concluded, and the likelihood that a substantial assistance motion would result for either defendant.

The Hamptons then filed a joint motion to reconsider asking for an additional fifteen days so that they could attempt to make controlled buys in Wheeling, West Virginia. They cited United States v. Goossens, 84 F.3d 697 (4th Cir. 1996), in which we held that a defendant could not be prohibited from cooperating with law enforcement officials as a condition of release unless extraordinary circumstances required such a condition to assure a defendant's appearance or to protect public safety. Id. at 703. At Desinal's sentencing, the district court considered and denied the joint motion to reconsider. The government opposed the motion on the ground that further efforts on the part of the defendants were unlikely to produce positive results.

A day later, Lionel moved again to amend his bond conditions and, in a supplemental motion, asserted that he could make controlled buys from two specific persons in Wheeling. At Lionel's sentencing, the government did not oppose a continuance of sentencing or the extension of modified bond conditions to permit Lionel to continue his efforts to cooperate, and a drug task force agent who was present stated that an agent would be able to work with Lionel. Nonetheless, the district court denied the motion to reconsider.

On appeal, the Hamptons contend that the district court should have granted them an additional fifteen days in which to attempt fur-

3

ther cooperation. Their argument presents two issues: whether the district court abused its discretion in denying a continuance of sentencing and whether it erred in denying an extension of the modified bond conditions. To show that denial of a continuance of sentencing was an abuse of discretion, a defendant must demonstrate substantial impairment of his opportunity to secure a fair sentence. See United States v. Speed, 53 F.3d 643, 644-45 (4th Cir. 1995). Because the Hamptons' motions were filed a short time before sentencing and after they had been afforded an opportunity to cooperate, they were not prejudiced by the denial of a continuance. Consequently, we find that the district court did not abuse its discretion in denying a continuance of sentencing for either Desinal or Lionel.

We also find that the district court did not abuse its discretion in refusing to extend the modified bond conditions until the date of sentencing. This case is not like Goossens, where the defendant was not permitted to cooperate with the government. The Hamptons were afforded a two-month period of cooperation which produced no results.

We find no merit in Lionel's contention that the district court clearly erred in finding him a manager or supervisor. The adjustment applies if the defendant managed or supervised one or more participants. See USSG § 3B1.1, comment. (n.2). The government presented reliable evidence at Lionel's sentencing that Lionel obtained sizeable amounts of crack from two suppliers which he repackaged for sale on the street. His packages typically sold for $120. Lionel received $100 from each sale and the runner received a $20 rock of crack in payment for his services. Lionel maintains that the runners sold for other dealers besides him and that he had no control over any other participant. However, there was evidence that he stored his crack in his girlfriend's apartment and on occasion directed her to resupply his runners. On this evidence, we find no clear error in the district court's decision to apply the adjustment.

The district court correctly assigned Lionel one criminal history point for a fine imposed in 1990. See USSG§ 4A1.1(c), comment. (backg'd). Further, the district court did not plainly err in relying on Desinal's stipulation that he was responsible for 20-35 grams of crack. The indictment charged a conspiracy involving crack, not pow-

4

der cocaine, and the amount of crack was not disputed at sentencing. Therefore, the court was free to adopt the recommended findings in the presentence report without additional inquiry. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

For the reasons discussed, we affirm the sentences imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5