**UNITED STATES of America, Appellee–Cross–Appellant,**

v.

**Terry DAVIS, Defendant–Appellant–Cross–Appellee.**

**Nos. 1076, 1233, Dockets 96–1143(L), 96–1204(X).**

United States Court of Appeals, Second Circuit.

Argued Jan. 31, 1997.

Decided June 12, 1997.

Thomas E. Webb, Jr., Williamsville, NY (Richard G. Collins, Buffalo, NY, on the brief), for Defendant–Appellant–Cross–Appellee.

Richard B. Friedman, United States Department of Justice, Appellate Section, Criminal Division, Washington, DC (Patrick Ne-Moyer, United States Attorney, Christopher A. Buscaligia, Assistant United States Attorney, Western District of New York, Buffalo, NY, on the briefs), for Appellee–Cross–Appellant.

Before: WALKER, PARKER and HEANEY,* Circuit Judges.

PER CURIAM:

Defendant, Terry Davis, appeals from a judgment entered on February 9, 1996, by the United States District Court for the Western District of New York (John T. Elfvin, *Judge* ), upon conviction after a jury trial of possession with intent to distribute over five grams of crack cocaine in violation of 21 U.S.C. § 841(a). The court imposed a sentence of 78 months' confinement to be followed by four years' supervised release. Davis challenges his conviction on several grounds. These arguments are resolved against the defendant in a summary order entered simultaneously herewith. We consider here only the government's cross-appeal challenging the district court's refusal to apply in the course of the sentence calculation a three-level enhancement pursuant to 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7, which provides for the application of such an enhancement where a defendant has committed a federal offense while released on another federal charge. Finding that the district court erred in refusing to impose the enhancement we vacate the defendant's sentence and remand to permit the reimposition of sentence.

## I. BACKGROUND

On July 1, 1992, an indictment was filed in the United States District Court for the Western District of New York charging Davis, on the basis of conduct occurring in December 1991, with possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a) (count 2) and conspiracy to commit that offense in violation of 21 U.S.C. § 846 (count 1). Several months prior to the indictment, on October 30, 1991, Davis was arraigned in the United States District Court for the Western District of New York, before Magistrate Judge Leslie G. Foschio, on charges of tampering with motor vehicle identification numbers in violation of 18 U.S.C. § 511(a). Magistrate Judge Foschio ordered the defendant released on bail, prior to which the defendant signed an "Order Setting Conditions of Release" which explicitly warned him that commission of another federal offense while on pre-trial release would result in an enhanced term of incarceration upon conviction for that offense.

In connection with the narcotics prosecution, on July 20, 1992, the government filed a notice indicating their intention to seek an enhanced sentence pursuant to 18 U.S.C. § 3147. After a one-day jury trial on December 9, 1992, Davis was convicted on count two (count one having been dismissed pursuant to Fed.R.Crim.P. 29 at the close of the government's evidence).

At sentencing, the district court affixed Davis's base offense level at 26 pursuant to U.S.S.G. § 2D1.1(c)(7) (at least five grams but not more than 20 grams of crack cocaine) and rejected the defendant's request for a three- or four-level reduction pursuant to U.S.S.G. § 3B1.2(a) ("minimal participant in any criminal activity"). Relevant for our purposes, the district court also rejected the government's request for a three-level enhancement pursuant to U.S.S.G. § 2J1.7 (and 18 U.S.C. § 3147) for being convicted of a

* Hon. Gerald W. Heaney of the United Court of Appeals for the Eighth Circuit sitting by designa- tion.

federal offense while on release in connection with another federal crime. In reaching this decision, the district court found that

> [a]s far as the enhancement due to Section 3147, I am satisfied that there was not the needed notice to him that that would also be a penalty that he would incur. I know that there was language in the very small print ... in the paper allowing his release, but that does not suffice....

Joint Appendix at 385–86. The government appeals this determination.

## II. DISCUSSION

 Title 18, section 3147, of the United States Code provides, in full:

> A person convicted of an offense while released pursuant to this chapter shall be sentenced, in addition to the sentence prescribed for the offense to (1) a term of imprisonment of not more than ten years if the offense is a felony; or (2) a term of imprisonment of not more than one year if the offense is a misdemeanor. A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment.

The United State Sentencing Guidelines have effectuated this Congressional directive in § 2J1.7, which provides, in full:

> If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release.

In the case at bar, the district court declined to enhance Davis's sentence under § 3147 on the grounds that he had received inadequate notice of the possibility of such an enhancement when released on bail. We find otherwise.

Prior to his release on bail in connection with the federal charge of tampering with motor vehicle numbers, the district court entered an "Order Setting Conditions of Release" ("Release Order"), which included the

following language under the heading "Advice of Penalties and Sanctions":

> The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than a year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Supplemental Joint Appendix at 18. It is uncontested that, at the time of his release, Davis signed the Release Order thereby indicating his awareness of the conditions.

We conclude that the district court erred as a matter of law in finding that the Release Order failed to adequately warn Davis of the consequences of committing a federal crime while on bail. Davis's contention that the permissive language in the first sentence—"commission of any offense while on pretrial release may result in an additional sentence upon conviction"—failed to indicate the mandatory nature of the enhancement pursuant to 18 U.S.C. § 3147 is without merit. Reading the admonition as a whole—including the final sentence which indicates that such an enhancement "shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense"—it is plain that commission of a crime while on release will result in an enhanced penalty. *See United States v. Vazquez*, 113 F.3d 383, 390 (2d Cir.1997). In short, Davis's characterization of the warning as being in "small print" and expressed in "dense legal language," Appellant's Reply Brief at 6, is simply unpersuasive.[1]

Davis's contention that the warning in the Release Order is inadequate because it fails to reference 18 U.S.C. § 3147 explicitly is also unavailing. The defendant was informed of the penalties to which he was subject under § 3147 at the time of his release and indicated his awareness of the pen-

---

1. The government vigorously argues that no pre-release notice is required prior to enhancing a defendant's sentence pursuant to 18 U.S.C. § 3147. However, because we find that the Re-

lease Order provided adequate notice to the defendant of the repercussions of committing a federal crime while on release, we need not reach this question.

alties by signing the document. Under these circumstances, the Release Order's failure to specifically reference the statutory provision is immaterial. *See United States v. Smitherman,* 889 F.2d 189, 192 (8th Cir.1989).

 Finally, Davis argues that the imposition of a sentence enhancement pursuant to 18 U.S.C. § 3147 is impermissible because he ultimately was acquitted of tampering with motor vehicle identification numbers, the crime for which the initial conditions of release were imposed. In brief, the defendant contends that the acquittal of the underlying charges stripped the district court of jurisdiction to enhance a sentence for any subsequent crime committed while on release. This argument fundamentally misunderstands the import of 18 U.S.C. § 3147. The statute is concerned solely with whether a person released on bail in connection with a federal criminal charge takes action in violation of federal law while on pretrial release. By its terms, the statute regulates the conduct of individuals deemed fit for pretrial release during their time under judicial supervision. In this instance, the defendant was indicted for conduct committed while under such supervision; accordingly, whether he ultimately was acquitted of the charge giving rise to the initial provision of bail is irrelevant.

## III. CONCLUSION

For the foregoing reasons, we vacate the sentence imposed by the district court and remand to permit the court to impose the three-level enhancement pursuant to 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7. By summary order entered today, however, we affirm the defendant's conviction.