23-6295-cr
*United States v. Nellis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> ALISON J. NATHAN,
> *Circuit Judges.*

———————————————————————

United States of America,

> *Appellee,*

> v.                                                       No. 23-6295-cr

Romell Nellis,

> *Defendant-Appellant.*

———————————————————————

**FOR DEFENDANT-APPELLANT:**

ROBERT A. CULP, Law Office of Robert A. Culp, Garrison, NY.

**FOR APPELLEE:**

CHARLES N. ROSE (David C. James, *on the brief*), Assistant United States Attorneys, *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Romell Nellis appeals from a March 21, 2023 judgment of the United States District Court for the Eastern District of New York (Brown, *J.*) convicting him, after a guilty plea, of four bank robberies, in violation of 18 U.S.C. § 2113(a), and sentencing him principally to 176 months' imprisonment, three years of supervised release, and restitution of $22,948.00.

Nellis had been previously convicted for conspiracy to distribute and possess with intent to distribute cocaine base. After serving his term of

incarceration, he admitted to violating the terms of his supervised release by failing to take part in inpatient treatment, and he was remanded pending sentencing. In August 2019, however, the district court released him on a personal recognizance bond on his representation that he would participate in out-patient treatment. The instant robberies took place some months later, while he was still out on bond pending sentencing on his violation of supervised release. For that reason, in calculating Nellis's Sentencing Guidelines range for those crimes, the district court imposed a three-level enhancement pursuant to U.S.S.G. § 3C1.3.

On appeal, Nellis challenges the imposition of the U.S.S.G. § 3C1.3 sentencing enhancement on statutory and constitutional grounds. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.  Applicability of U.S.S.G. § 3C1.3

Nellis first argues that he does not satisfy the statutory requirements for U.S.S.G. § 3C1.3 to apply. On his theory, to trigger a § 3C1.3 enhancement, a defendant must commit a criminal offense while on release pending proceedings on a criminal offense, *not* a violation of supervised release. We disagree.

Where, as here, "a defendant has preserved a challenge to a sentencing enhancement," we review questions of law regarding its applicability *de novo*. *United States v. Esteras*, 102 F.4th 98, 104 (2d Cir. 2024).

Section 3C1.3 instructs courts to "increase the offense level by 3 levels" "[i]f a statutory sentencing enhancement under 18 U.S.C. § 3147 applies." U.S.S.G. § 3C1.3. Section 3147, in turn, provides that "[a] person convicted of an offense committed while released under [Chapter 207 of Title 18] shall be sentenced, in addition to the sentence prescribed for the offense[,] to . . . a term of imprisonment of not more than ten years if the offense is a felony." 18 U.S.C. § 3147(1). Within Chapter 207, 18 U.S.C. § 3143(a)(1) further states, in pertinent part, that "the judicial officer shall order that a person who has been found guilty of *an offense* and who is awaiting imposition or execution of sentence . . . be detained[.]" *Id.* § 3143(a)(1) (emphasis added). [1] "[T]he term 'offense' means any criminal offense . . . which is in violation of an Act of Congress and is triable in any court established by Act of Congress[.]" *Id.* § 3156(a)(2).

Nellis asserts that, when he committed the bank robberies, he had not been

---

[1] Federal Rule of Criminal Procedure 32.1(a)(6) provides with respect to an "initial appearance" in a proceeding revoking or modifying probation or supervised release, that a "magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed. R. Crim. P. 32.1(a)(6).

released under Chapter 207 of Title 18 because a violation of supervised release is not an "offense" as required by the statute. Even so, that principle does not resolve this case. This is because, as Nellis recognizes, "the penalty imposed for violating a condition of release is generally viewed as 'relat[ing] to the original offense.'" *Villiers v. Decker*, 31 F.4th 825, 833-34 (2d Cir. 2022) (quoting *Johnson v. United States*, 529 U.S. 694, 701 (2000)); *accord United States v. Jensen*, 705 F.3d 976, 977 (9th Cir. 2013) ("join[ing] the First, Sixth, and Seventh Circuits" in deeming "offense" in 18 U.S.C. § 3146(b) to refer to the underlying criminal conviction, *not* an intervening violation of supervised release). As a result, Nellis committed an offense (the four bank robberies) "while released [under Chapter 207 of Title 18] *in connection with another federal offense*" (the drug trafficking conviction upon which the violation of supervised release was predicated). U.S.S.G. § 3C1.3 cmt. background (emphasis added). That is exactly what U.S.S.G. § 3C1.3 requires.

Therefore, we conclude that the district court properly determined that § 3C1.3 enhancement applies.

## II. Remaining Unpreserved Challenges

Nellis next brings several challenges to the § 3C1.3 sentencing enhancement based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and a purported lack of notice

that this enhancement would apply.   On plain error review, we must reject each of these challenges.

Because Nellis did not raise his *Apprendi* and notice arguments below, he concedes that plain error review applies.   *See Esteras*, 102 F.4th at 104.   "This requires [Nellis] to show (1) that there was an 'error,' (2) that is 'clear or obvious,' (3) that 'affected the outcome of the district court proceedings,' and (4) that 'seriously affects the fairness, integrity[,] or public reputation of judicial proceedings.'"   *Id.* (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

## A. *Apprendi* Challenge

Starting with *Apprendi*, "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."   530 U.S. at 476 (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)); *see also United States v. Cotton*, 535 U.S. 625, 627 (2002).   Because § 3147 "exposes the defendant to the risk of a sentence that exceeds the statutory maximum" otherwise applicable for the crime of conviction, *United States v. Confredo*, 528 F.3d 143, 153 (2d Cir. 2008), *Apprendi* applies to the inclusion of a § 3C1.3 enhancement triggered by § 3147 even where, as here, § 3147 is not charged as a separate offense, *id.* at 153-55.

Nellis contends that, in imposing the § 3C1.3 enhancement, the district court plainly violated *Apprendi* because the indictment did not charge, and no jury found (nor did he admit) that he committed the bank robberies while on release. *Confredo* makes quick work of these challenges.

As to the indictment, "an *Apprendi* violation concerning an omission from an indictment is not noticeable as plain error where the evidence is overwhelming that the grand jury would have found the fact at issue." *Id.* at 156 (citing *Cotton*, 535 U.S. at 631-34). And here, "[t]here is no doubt that the grand jury would have found that the offenses were committed while [Nellis] was on release." *Id.* Nellis makes no effort to refute the Government's argument on this score. And, despite his arguments to the contrary, the alleged lack of notice does not distinguish his case.

As to *Apprendi*'s jury fact-finding requirement, here, as in *Confredo*, Nellis "sufficiently admitted the fact on which the enhancement rested, *i.e.,* that he committed the offenses while on release." *Id.* Indeed, Nellis admitted to the post-release criminal conduct "at a time when the public record indisputably establishes that he had been released" on bond pending sentence on his violation of supervised release. *Id.* "Under these circumstances, jury fact-finding that the

7

offenses occurred while on release was not required or, in any event, any error was harmless." *Id.*

Accordingly, Nellis has not carried his burden of showing that the § 3C1.3 enhancement plainly violates *Apprendi*.

## B. Adequate Notice

Separate and apart from the *Apprendi* issue, Nellis argues that the district court committed plain error by imposing the § 3C1.3 enhancement in the absence of "notice" that this enhancement would apply. On plain error review, this challenge fails.

Although "in this Circuit it is the practice for the Government to notify the defendant of the applicability of the [§ 3C1.3] enhancement by referencing 18 U.S.C. § 3147 in the indictment," *United States v. Borker*, No. 17 CR. 391 (PGG), 2019 WL 1790054, at *21 (S.D.N.Y. Apr. 24, 2019) (collecting cases), a defendant's execution of a pretrial release form advising him of the § 3147 penalties for committing offenses while on pretrial release precludes him from demonstrating plain error in the receipt of sufficient notice, *see United States v. Davis*, 114 F.3d 400, 402-03 (2d Cir. 1997).

Here, Nellis "was informed of the penalties to which he was subject under

8

§ 3147" in his release order, and he "indicated his awareness of the penalties by signing the document." *Davis*, 114 F.3d at 402-03. Although the Government's failure to file a supplemental notice of its intention to seek a § 3C1.3 enhancement might render *Davis* distinguishable, *see id.* at 401, given our reasoning in that case, we cannot say that the district court committed any "clear or obvious" error in imposing the enhancement. *Esteras*, 102 F.4th at 104 (quotation marks omitted) (quoting *Marcus*, 560 U.S. at 262).

Thus, on plain error review, Nellis's argument fails.

\*      \*      \*

We have considered Nellis's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9